**Salem**

JAMES PAYNE BOX

v.

KATHERINE BOX TALLEY

No. 0282-85

Argued September 17, 1985

Decided January 7, 1986

COUNSEL

Gilbert K. Davis (Gilbert K. Davis & Associates, on brief), for appellant.

Frederick W. Adkins (Cline, McAfee & Adkins, on brief), for appellee.

OPINION

**BAKER, J.**—Appellant, James Payne Box (father), appeals from the February 1, 1985, judgment of the Smyth County Circuit Court (trial court) which denied his petition requesting exclusive custody of his ten year old daughter (daughter). The trial court's final order ruled, in effect, that father must continue to share daughter's custody with appellee, Katherine Box Talley (mother), his former wife and the natural mother of daughter.

The shared custody arrangement dates from an October, 1978, divorce decree of the trial court which fully dissolved the parties' marriage. The decree, in part, directed father to support daughter and the parties' two older children. Regarding daughter's custody, the decree provided that daughter reside with mother throughout the school year, and that she reside with father during the summer months. The decree allowed each party liberal visitation of daughter during the time she resides with the other party.

The trial court's February 1, 1985, judgment reversed an August 28, 1984, judgment of the Smyth County Juvenile and Domestic Relations District Court (juvenile court) which first considered and granted father's petition. Mother appealed the juvenile court's judgment, thereby commencing this litigation in the trial court.

On appeal, father raises three issues concerning the trial court proceedings: (1) whether mother, as the unsuccessful litigant in the juvenile court, must carry the burden of proof in the trial court; (2) whether the trial court followed an incorrect procedure when it "reviewed the correctness" of the juvenile court judgment, and allegedly failed to apply the "changed circumstances" and "best interest" tests in arriving at its decision concerning daughter's custody; and, (3) whether sufficient evidence exists in the record to support the trial court's decision.

Father initiated this litigation on June 27, 1984, when he petitioned the juvenile court to award him daughter's exclusive custody. The record reveals that father's petition followed closely after a juvenile court proceeding was initiated by mother, which sought to collect from father arrearages due in child support payments.

The juvenile court directed the Smyth County Department of Social Services (social services) to prepare a relevant report. The report, dated August 24, 1984, found both father and mother to be fit parents, and recommended that daughter's primary custody remain with mother.

Following an evidentiary hearing and consideration of the social services report, the juvenile court granted father's petition, and provided specific visitation rights to mother. Mother timely appealed the juvenile court's decision.

On December 3, 1984, the trial court conducted an *ore tenus* hearing, wherein it received stipulations from the parties and testimony from several witnesses. The trial court required mother to present her evidence first, as she was the party "who appealed this matter." In addition, at the outset of the hearing, counsel for father went unchallenged in his assertion that mother carried the burden "to show a change in circumstances from the last court's order."

On January 25, 1985, the trial court sent a letter to trial counsel commenting upon the evidence presented on December 3, 1984, and the social services report, and stating that he had obtained daughter's preference "concerning the custody question." The trial court did not disclose daughter's preference.

The letter expressed the trial court's intent to reinstate daughter's custody arrangement as it existed prior to August 28, 1984, and requested counsel to prepare an appropriate order.

On February 1, 1985, the trial court issued its order, consistent with the content of the January 25, 1985, letter. The court concluded from the evidence that the juvenile court "should not have changed" daughter's custody to father.

I.

▮ It is apparent from the record that the trial court perceived its role in this case as a court of review regarding mother's appeal from the juvenile court decision. The order in which the court required the parties to present their evidence at the *ore tenus* hearing, the unchallenged statement by father's counsel regarding the burden of proof, and the language of the February 1, 1985, order all support this conclusion. An examination of relevant statutes and case authority reveals that the trial court's perception of itself as a court of review was incorrect.

Appeals from the Juvenile and Domestic Relations District Court are provided for as follows in Code § 16.1-296:

> From any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken in accordance with the provisions of Chapter 7 (§ 16.1-123.1 *et seq.*) of Title 16.1.

The reference to Chapter 7 of Title 16.1 includes Code § 16.1-136, which provides that appeals taken from the juvenile court "shall be heard de novo in the appellate court." A *de novo* hearing means a trial anew, with the burden of proof remaining upon the party with whom it rested in the juvenile court.

> We have repeatedly held that an appeal to the circuit court from a court not of record under Code § 16.1-136 annuls the judgment of the inferior tribunal as completely as if there had been no previous trial . . . and that such a trial *de novo* in the circuit court grants to a litigant every advantage which would have been his had the case been tried originally in such court.

*Walker* v. *Department of Public Welfare,* 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982) (citations omitted).

Thus, the burden of proof should have been placed upon father in the trial court, as the party seeking to modify a previous child custody order. *See Harper* v. *Harper,* 217 Va. 477, 479, 229 S.E.2d 875, 876 (1976).

The trial court's mistaken view regarding the procedure to be followed in this case did not affect its final conclusion, which was favorable to mother. Therefore, we find that no prejudice resulted.

## II.

■ The judgment of a trial court sitting in equity, when based upon an *ore tenus* hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it. *Carter v. Carter,* 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982); *see also* Code § 8.01-680.

We hold that ample evidence exists in this record to support the trial court's judgment. On December 3, 1984, the trial court conducted an exhaustive evidentiary hearing upon the issue of daughter's custody. The court received for consideration the social services report and evidence regarding daughter, father and mother, the parties' homes, as well as the parties' lifestyles.

From the evidence, it appears that daughter has flourished regardless of which parent has custody. She is, and has been, a clean, healthy and well adjusted child who does well in school. Each parent appears fit to care for daughter, with conditions in mother's home improving in recent times.

In addition, the trial court knew of the recommendation contained in the social services report, the circumstances surrounding initiation of father's June 27, 1984, petition, and the fact that father traditionally has not exercised fully his custodial rights over daughter.

The language of the trial court's January 25, 1985, letter to counsel and the February 1, 1985, order confirm that the court considered thoroughly the evidence in this case. In particular, the letter to counsel comments upon the demeanor and parental fitness of both father and mother, daughter's adjustment at home and at school, and the adjustment of daughter's siblings. We are convinced that the trial court properly considered daughter's best interests as well as the circumstances surrounding her custody in reaching its decision. *Keel v. Keel,* 225 Va. 606, 611-12, 303 S.E.2d 917, 921 (1983).

Accordingly, the February 1, 1985, judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.