COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

PHUC T. DAO

v.   Record No. 2071-95-4                    MEMORANDUM OPINION*
                                                 PER CURIAM
NGOC THI NHU NGUYEN                           NOVEMBER 7, 1995

                                      FROM THE CIRCUIT COURT OF
FAIRFAX COUNTY
                         Gerald B. Lee, Judge

          (George E. Tuttle, Jr., on brief), for appellant.

          (Thomas F. Koerner, Jr., on brief), for appellee.


     Phuc T. Dao (husband) appeals the decision of the circuit

court awarding spousal support to Ngoc Thi Nhu Nguyen (wife).  In

his appeal, husband raises the following issues:  (1) whether the

trial court erred in granting wife's motion for reconsideration

and setting aside its final decree; (2) whether the trial court

erred in awarding wife $600 in monthly spousal support; and

(3) whether the trial court erred in admitting and relying upon

husband's Affidavit of Support submitted to the Immigration and

Naturalization Service (INS).  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

_____

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I.  Motion for Reconsideration

The wife received legally sufficient notice of the August 3, 1994, hearing.  Wife was not present at the hearing. The court heard husband's evidence and granted custody of the parties' child to husband.  The court also issued a default judgment against wife on the issues of equitable distribution and spousal support.

Following entry of judgment on August 5, 1994, the judge granted a rehearing and set aside the judgment.  In his ruling, the trial judge found the legal sufficiency of the notice to wife.  However, the court also noted that wife did not speak English and at the time of the hearing was not represented by counsel.[1]  Wife had attempted to obtain new representation prior to the hearing.  Therefore, the trial judge elected to "us[e] my discretion as a Chancellor," stating that "it would not be fair to the parties if I were not [to] give at least [wife] the opportunity to present her evidence. . . ."

"The conduct of a trial is committed to the sound discretion of the trial court."  Cunningham v. Commonwealth, 2 Va. App. 358,

---

[1]Husband has filed with this Court a "Motion to Amend Record," stating that the motion is significant to an issue in the case.  The motion states that a complete copy of the order allowing wife's counsel to withdraw was not included in the record.  The trial court's ruling recited the fact that wife's counsel had withdrawn.  Its decision to allow wife an additional opportunity to present evidence was based upon wife's status as a pro se litigant.  We do not question the fact that wife's counsel had withdrawn.  Therefore, the motion has no bearing on our opinion and we need not rule on it.

365, 344 S.E.2d 389, 393 (1986). We cannot say that the trial judge's decision to exercise his equitable authority and allow wife another opportunity to present evidence was an abuse of discretion.

## II.  Spousal Support

Husband challenges the trial court's decision to award spousal support. He contends that the parties' marriage was a "green card" marriage intended by the parties only as a tool by which wife could enter the United States. However, the trial judge, who heard the witnesses and had the opportunity to judge their credibility, rejected husband's characterization. The judge found as follows: "I don't find a green-card marriage. Clearly, I don't think as far as they had a relationship, that relationship had some validity. It had some sound nature to it."

The evidence proved that the parties lived together, albeit for a short time, prior to and after the marriage. Husband returned to the United States when his military obligation ended. Later, husband and his mother flew to Japan to see the parties' newborn child. Both parties provided financial assistance to each other before wife's arrival in the United States. Therefore, the record contains evidence to support the trial court's factual finding that there was a true marriage between the parties. "The judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

3

Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).

Husband also challenges the amount of spousal support awarded to wife.

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

The trial court found that both parties made monetary and non-monetary contributions to the marriage. Husband's income was $40,000, while wife was unemployed and lacked both language skills and transportation. It is manifest from the court's ruling that the judge considered the statutory factors before determining that wife was entitled to receive $600 in monthly spousal support. The record does not establish that the trial court abused its discretion in the amount of spousal support awarded.

### III.   INS Affidavit of Support

Husband argues that the trial court erred in admitting the INS Affidavit of Support and in placing emphasis on the affidavit. At trial, however, counsel did not object to the admission of the affidavit. Therefore, husband has waived any objection to the admission of the affidavit into evidence. Rule 5A:18.

4

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.