COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


EZZAT ZEIN

v.   Record No. 1476-95-4                    MEMORANDUM OPINION*
                                                  PER CURIAM
NORA H. ZEIN                                 FEBRUARY 20, 1996


          FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                 Quinlan H. Hancock, Judge

      (Richard C. Shadyac, Jr.; Richard B. Orsino; Shadyac &
      Shadyac, on briefs), for appellant.

      (Kenneth H. Rosenau; Susan H. Rosenau; Rosenau &
      Rosenau, on brief), for appellee.



      Ezzat Zein (husband) appeals the decision of the circuit

court awarding spousal support to Nora H. Zein (wife) and

deciding other issues.  The husband raises the following

questions on appeal:

          (1)  whether the trial court erred in
               determining the value of husband's
               business;

          (2)  whether the trial court failed to
               consider the statutory factors
               before granting a monetary award to
               wife;

          (3)  whether the trial court failed to
               consider the statutory factors
               before allocating the parties'
               debt;

          (4)  whether the trial court erred in
               determining husband's income;

          (5)  whether the trial court erred in

---

      *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

awarding wife spousal support;

(6)   whether the trial court abused its
discretion by awarding wife $25,000
in attorney's fees; and

(7)   whether the trial court's equitable
distribution decision was
inequitable, punitive, and
unsupported by the evidence.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  Rule 5A:27.

"The judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).  We note that in the proceeding below "'[t]he credibility of witnesses was crucial to the determination of the facts, and the findings of the trial court based upon the judge's evaluation of the testimony of witnesses heard ore tenus are entitled to great weight.'" Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994) (citation omitted).

### Equitable Distribution

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "Unless it appears from the record that the trial judge has not considered or has misapplied one of the

2

statutory mandates, this Court will not reverse on appeal." Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

The parties' single largest marital asset was the husband's business, Zein, Inc. The wife's expert opined that the net value of the business was $282,708. The husband's expert valued the business at $48,920. Both experts admitted that they did not have all relevant information when evaluating the business. While the trial court found the wife's expert to be more credible, it noted that it "was not impressed with the testimony of either witness." The trial court did not, and was not required to, "accept as conclusive the opinion of an expert." Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989).

The trial court gave greatest weight to the fact that the valuation made by the wife's expert was consistent with the husband's admissions in numerous unrelated submissions to the Internal Revenue Service, the Immigration and Naturalization Service, his bank, and the company from whom he leased his car. While the husband characterized those filings as "puffing," the trial court rejected the husband's testimony, noting that it "did not and does not believe most of what [husband] testified to during the trial of this case." Credible evidence supports the trial court's determination of the value of Zein, Inc.

Noting the husband's property transfers and other dealings,

the trial court observed that "this is a fifteen year marriage and other than three children [wife] doesn't have much to show for it." The husband lives in the former marital home, which is now owned by his brother. The business, though a marital asset, was not jointly owned and not subject to division. Code § 20-107.3(C).

Code § 20-107.3(C) provides, in part, that "[t]he court shall also have the authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E." "The purpose and nature of the debt, and for and by whom any funds were used, should be considered in deciding whether and how to credit or allot debt." Gamer v. Gamer, 16 Va. App. 335, 341, 429 S.E.2d 618, 623 (1993). The husband admitted that he incurred $25,000 in credit card debt after the parties separated and that he obtained joint credit cards without the wife's knowledge. The trial court accepted the wife's testimony that she was responsible for $1,560 in credit card debt. The trial court did not abuse its discretion in holding the husband responsible for payment of any additional outstanding debts owed by Zein, Inc. or by the husband.

We find no abuse of discretion in the trial court's decision to grant the wife a monetary award equivalent to one-half the net value of Zein, Inc. The trial court's opinion manifests that it considered the statutory factors when making the equitable

4

distribution decision. "The court need not quantify or elaborate exactly what weight was given to each of the factors," provided its findings are based upon credible evidence. Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988). The proof offered for a number of the parties' financial transactions was largely testimonial, and the trial court was entitled to determine whether that testimony was credible. The husband has not demonstrated that the trial court's findings of fact underlying its equitable distribution decision were clearly erroneous or that it abused its discretion.

### Spousal Support

In its letter opinion, the trial court found as follows:
> [T]he inescapable conclusion is that [husband] has gone to great lengths to misrepresent his income, his assets and the value of Zein, Inc. He has taken advances from Zein, Inc. and paid personal debts, including child support, which clearly proves that his yearly income, at a minimum is between $75,000.00 and $100,000.00 per year.

Credible evidence supports the trial court's finding. The husband wrote checks from the Zein, Inc. business account to pay his personal expenses. The husband's unrelated representations to third parties about his earnings provided additional support for the trial court's conclusion that the husband's income was at least $75,000. Therefore, we find no error in the trial court's determination of the husband's income.

"In determining spousal support, a trial court has broad discretion and 'the appellate court will not interfere with such

5

discretion, unless it is clear that some injustice has been done.'" Morris v. Morris, 3 Va. App. 303, 309, 349 S.E.2d 661, 664 (1986) (citation omitted).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties. He is guided by the nine factors that are set forth in Code § 20-107.1. When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

The trial court's opinion demonstrates that it considered the statutory factors before setting the amount of spousal support. The trial court found the husband's income to be greater than he claimed, and the wife's assets at the end of the marriage to be few. Credible evidence supports the trial court's assessment. The wife testified that her annual income was $12,000, although earlier in the marriage and prior to the birth of the parties' three children, she had earned as much as $44,000. At the time of the hearing, the husband lived in the marital home purchased by his brother at foreclosure for $237,000, while the wife and the parties' children lived with her father. The husband drove a leased Mercedes, while the wife drove her father's 1986 Pontiac. Thus, the record contained evidence from which the trial court could determine that the wife's standard of living had declined and that the wife was in need of support.

We find no grounds to reverse the trial court's award based upon the husband's argument that the trial court improperly relied upon the pendente lite award in setting the amount of permanent spousal support. In its letter opinion, the trial court ordered the parties to submit spousal support and child support worksheets for further consideration. After the submission of the worksheets and accompanying argument, the trial court ruled that "the spousal support I felt was correct at $846.30." The husband has not demonstrated a clear abuse of discretion. Therefore, we will not disturb the spousal support decision.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court specifically found that "the fact is that [husband] has failed to provide truthful information in both discovery and trial" and that "[a]s a consequence [wife] has had to spend considerable time on this case." The wife incurred over $50,000 in attorney's fees, including costs associated with extensive and expensive discovery. Based on the number of issues

7

involved, the husband's lack of cooperation with discovery, and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial court abused its discretion in awarding the wife $25,000 in attorney's fees.

Accordingly, the decision of the trial court is summarily affirmed.

<u>Affirmed.</u>