COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


DONALD RAY SCROGGINS
                                          MEMORANDUM OPINION*
v.    Record No. 1861-95-4                   PER CURIAM
                                           MARCH 26, 1996
CATHERINE M. SCROGGINS


                                  FROM THE CIRCUIT COURT OF
FAIRFAX COUNTY
                   J. Howe Brown, Jr., Judge

          (William B. Reichhardt; Elizabeth D. Teare;
          Surovell, Jackson, Colten & Dugan, on
          briefs), for appellant.

          (Joyce M. Henry-Schargorodski; Gaughan &
          Schargorodski, on brief), for appellee.


     Donald Ray Scroggins (husband) appeals the decision of the

circuit court which, among other things, set aside a Property

Settlement Agreement (Agreement) entered into with Catherine M.

Scroggins (wife).  Specifically, husband raises the following

issues on appeal:

          (1)  whether the trial court erred in
               setting aside the parties'
               Agreement;

          (2)  whether the trial court erred in finding
               that the waiver of spousal support was
               not severable from the remainder of the
               Agreement;

          (3)  whether the trial court erred in
               awarding wife survivor benefits
               despite her waiver of those
               benefits under the terms of a
               separate contract;

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> (4) whether the trial court erred in treating as marital property funds received after separation by husband as part of an employment severance settlement; and
>
> (5) whether the trial court erred in refusing to order the sale of the marital residence.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

The parties presented their evidence in a series of hearings. "The judgment of a trial court sitting in equity, when based upon an <u>ore</u> <u>tenus</u> hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it." <u>Box v. Talley</u>, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).

<u>Enforceability of the Agreement</u>

"Marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." <u>Cooley v. Cooley</u>, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980). A party contesting a settlement agreement on the grounds of unconscionability must provide clear and convincing evidence to support his or her allegations. <u>Derby v. Derby</u>, 8 Va. App. 19, 26-27, 378 S.E.2d 74, 77 (1989). While "[c]onsideration adequate to support a contract does not have to be full consideration," <u>id.</u> at 29, 378 S.E.2d at 79, "[i]f a 'gross disparity in the value exchanged' exists then the court

2

should consider 'whether oppressive influences affected the agreement to the extent that the process was unfair and the terms of the resulting agreement unconscionable.'" Drewry v. Drewry, 8 Va. App. 460, 472, 383 S.E.2d 12, 18 (1989) (citing Derby, 8 Va. App. at 28, 378 S.E.2d at 79). Moreover, "[w]hen the accompanying incidents are inequitable and show bad faith, such as concealments, misrepresentations, undue advantage, oppression on the part of the one who obtains the benefit, or ignorance, weakness of mind, sickness, old age, incapacity, pecuniary necessities, and the like, on the part of the other, these circumstances, combined with inadequacy of price, may easily induce a court to grant relief . . . ." Derby, 8 Va. App. at 28-29, 378 S.E.2d at 79 (citation omitted).

In ruling on wife's motion to set aside the Agreement on the grounds of unconscionability, the trial judge noted that he "generally found the testimony of [wife] to be credible." The judge found husband's testimony "at times to be embellished and unreliable," noting particularly that husband gave "evasive testimony with respect to the value of consideration exchanged by the parties pursuant to the property settlement agreement." "'The credibility of witnesses was crucial to the determination of the facts, and the findings of the trial court based upon the judge's evaluation of the testimony of witnesses heard ore tenus are entitled to great weight.'" Gottlieb v. Gottlieb, 19 Va. App. 77, 83-84, 448 S.E.2d 666, 670 (1994) (citation omitted).

3

In the course of the parties' property settlement discussions, husband supplied wife with a list of marital assets to be divided, of which wife was to receive assets worth $119,500 and husband was to receive assets worth $92,500. However, husband failed to disclose the value of his pension, his retirement incentive payment from IBM, and his medical benefits at the time the parties were purported equally dividing the marital assets. The value of these assets exceeded $400,000. The evidence therefore supports the trial court's conclusion that there was a gross disparity between the consideration received by husband and that received by wife under the Agreement.

While the trial court found that wife was competent at the time the Agreement was signed, the trial court also found that the gross disparity in the assets the parties received "was the result of over-reaching and oppressive conduct" by husband. The court found that husband "facilitated his wife's execution of the . . . agreement at a time when she was patently suicidal and operating under impaired judgement." Wife had returned from a trip in which she planned to commit suicide but instead incurred a substantial gambling debt in her failed attempt to cope with increasing financial losses. Husband offered to repay her gambling loss but also again pressured her to sign the Agreement.

The Agreement itself was drafted by an attorney who purportedly represented both parties, but who had prior dealings with husband's girlfriend which were not disclosed to wife, who

4

made changes beneficial to husband, and who subsequently filed the divorce action for husband.

Finally, the trial court noted that wife "was not as sophisticated as her husband[,] that she relied upon his integrity in their dealings, rather than retaining an attorney to obtain separate counsel as to her rights. And it is also clear that [husband] knew of that reliance and that he encouraged it."

The trial court's decision to set aside the parties' Agreement on the grounds of unconscionability is supported by evidence and is not plainly wrong.

### Severability of Waiver of Spousal Support

Husband argues that wife's waiver of spousal support was severable from the portions of the Agreement found by the trial court to be unconscionable. As the trial court found the Agreement to be unconscionable, we find no error in the trial court's decision to set aside the entire Agreement, including the parties' waiver of support.

### Waiver of Survivor's Benefits

Husband admitted that wife's waiver of her right to survivor benefits under his pension was linked to the benefits she would receive under the Agreement. He represented to wife

> that she should sign this agreement [waiving her right to survivor benefits] so that I could release my pension, and begin to receive it, and that in exchange for that, in the settlement agreement there would be an amount in there to cover her half of the retirement eligibility as of 1988.

5

However, husband failed to fully disclose to wife the assets he had or the value of his IBM pension.

The trial court ruled that "[w]ife's purported waiver of survivor benefits is of no effect, for the reasons stated in the opinion letter . . . setting aside that Property Settlement Agreement." Husband's own testimony demonstrates that wife's waiver of survivor benefits was linked to what she would receive under the Agreement. Therefore, as evidence supports the trial court's decision, it will not be disturbed on appeal.

### Severance Package from Employer

The trial court ruled that the early retirement incentive received as a lump sum payment by husband in 1992 was marital property subject to equitable distribution. Husband testified that the payment was based on two weeks' pay for each year's service dating back to 1964, plus accrued vacation pay. The evidence therefore demonstrated that the amount of the payment was determined by husband's years of employment with IBM during the marriage.

This evidence supports the trial court's determination that the lump sum payment was a marital asset.

### Marital Residence

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396

6

S.E.2d 675, 678 (1990). Under Code § 20-107.3(C), the court may, "based upon the factors listed in subsection E, divide or transfer or order the division or transfer, or both, of jointly owned marital property, or any part thereof." The court is also authorized to "apportion and order the payment of the debts of the parties, or either of them . . . ." Id.

The trial court was authorized to order husband to transfer his interest in the marital residence and to order wife to hold husband harmless for any liability in the mortgage note. Husband's assertion that he may be forced to pay the mortgage in the future, skewing the equitable distribution, is mere speculation. Therefore, as the trial court's award is neither plainly wrong nor unsupported by the evidence, it will not be disturbed on appeal.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.