COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


WILLIAM H. HOLLOWAY

                                MEMORANDUM OPINION[*]
v.   Record No. 2164-97-3               PER CURIAM
                                   JUNE 2, 1998
BETTY HOLLOWAY


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

(Walter F. Green, IV; Green & O'Donnell, on
brief), for appellant.

(C. Lynn Lawson; Franklin, Denney, Ward &
Lawson, on brief), for appellee.


Betty Holloway (wife) and William H. Holloway (husband) were
divorced by a decree a vinculo matrimonii entered November 3,
1989.  The decree retained jurisdiction to decide the equitable
distribution issues.  Husband appeals from the final order of the
circuit court deciding the remaining equitable distribution
issues.  Pursuant to Rule 5A:21(b), wife presents additional
questions in her brief.  Upon reviewing the record and briefs of
the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the decision of the trial court.
 See Rule 5A:27.

Husband contends that the trial court erred by materially
revising the division of property set out in the commissioner's
report in 1991.  Wife contends that husband failed to raise his

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

question before the trial court, and failed to state why either the good cause or ends of justice exceptions to Rule 5A:18 apply. Wife also contends that the trial court erred in (1) overruling her exception to the commissioner's recommendation that she receive only thirty-five percent interest in the marital rental property and rental income; and (2) overruling her exception to the commissioner's recommendation that she receive only forty-five percent of the equity in the marital home.

A commissioner in chancery heard evidence on the equitable distribution issues, and filed a report on November 15, 1991. By letter opinion dated August 25, 1992, the trial court denied wife's exceptions to the commissioner's report and confirmed the report. No order incorporating the court's opinion was entered. However, by order entered June 9, 1993, the trial court indicated that

> the Court is of the opinion that the Commissioner's Report should be confirmed, however, the Court is further of the opinion that no judgment order in accordance with the Commissioner's Report should be entered until such time as [husband] has provided an accounting in accordance with the Commissioner's Report;
>
> It is further ORDERED that this order shall not be considered a final order for appeal purposes until such time as the accounting has been completed and the exact amount of the judgment order, if any, has been ascertained as a result of the accounting by [husband].

The matter was continued. By order entered May 4, 1994, husband was directed to complete the accounting by August 1, 1994, and

2

the matter was set for hearing on September 2, 1994.

By letter opinion dated April 2, 1996, the trial judge ruled that husband should receive sixty-five percent of the rental income, "as determined by this Court previously, confirming the Commissioner in Chancery." Husband's request for compensation for managing the rental properties and wife's request for rent from husband were denied. Husband was ordered to pay the accounting costs incurred by wife. No order was entered incorporating these rulings. The court held a final hearing on August 21, 1997, and entered a final order on August 29, 1997. The final order retained the award of sixty-five percent of the rental income to husband; divided the marital property pursuant to wife's exhibit 2 introduced at the August 21, 1997 hearing, using the values determined by the commissioner; and decided additional issues not relevant to this appeal.

Neither party endorsed the decree nor noted any objections in writing. Husband did not specifically note his objections to the court's order during the hearing.

### Standard of Review

The commissioner in chancery heard the evidence, and the trial court received supplemental evidence and argument at the August 1997 hearing. On appeal,

> [t]he commissioner's report is deemed to be
> prima facie correct. The commissioner has
> the authority to resolve conflicts in the
> evidence and to make factual findings. When
> the commissioner's findings are based upon
> ore tenus evidence, "due regard [must be
> given] to the commissioner's ability . . . to

3

see, hear and evaluate the witness at first hand."  Because of the presumption of correctness, the trial judge ordinarily must sustain the commissioner's report unless the trial judge concludes that it is not supported by the evidence.

Brown v. Brown, 11 Va. App. 231, 236, 397 S.E.2d 545, 548 (1990) (citations omitted).  However, in this case, the trial court also received evidence and ore tenus testimony.  Furthermore,

[w]hen a court refers a cause to a commissioner in chancery, it does not delegate its judicial functions to the commissioner, and it is not bound by the commissioner's recommendations.  Rather, the court must review the evidence, apply the correct principles of law, and make its own conclusions as to the appropriate relief required.

Dukelow v. Dukelow, 2 Va. App. 21, 26-27, 341 S.E.2d 208, 211 (1986).  "The judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Box v. Talley, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).

### Revised Distribution of Real Estate

While husband framed his argument on appeal in broader terms, he argues specifically that the trial court erred when it revised the recommended division of the marital real estate.  We find no indication that husband noted this specific objection before the trial court or preserved this objection for appeal.  While the transcript contains a brief exchange between counsel and the court regarding the commissioner's report, it does not reflect that husband objected to the trial court's specific

4

decision to modify the recommendation of the commissioner, per wife's proposed exhibit, and to transfer all rental properties to husband. The order was not endorsed by either counsel. Husband did not file either written exceptions or a motion to reconsider. Therefore, we find that husband failed to preserve this issue for appeal. See Rule 5A:18; Lee v. Lee, 12 Va. App. 512, 404 S.E.2d 736 (1991) (en banc).

### Award of Rental Property and Income to Wife

Wife contends that the trial court erred by awarding her only thirty-five percent interest in the rental property acquired by the parties during the marriage. The commissioner concluded that the parties' contributions were "markedly unequal." The testimony of the parties at the August 1997 hearing further demonstrated that husband, rather than wife, was extensively involved in managing and maintaining the rental property. Virginia's equitable distribution scheme does not provide "a statutory presumption of equal distribution." Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). Because there is evidence to support the commissioner's factual finding, as affirmed by the trial court, we find no error in the court's decision to award husband sixty-five percent of the rental property income.

### Award of Interest in Marital Residence to Wife

Wife also contends that the trial court erred when it affirmed the finding of the commissioner that the parties should

equally divide the marital property, but then awarded wife only forty-five percent of the value of the marital residence. The commissioner found that husband's efforts increased the value of the marital residence and justified a greater award to him. Because evidence in the record supports the commissioner's factual finding, we find no error in the trial court's decision accepting that recommendation.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed</u>.