COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Humphreys


KEN R. GALLAHAN

MEMORANDUM OPINION*
v.    Record No. 0479-00-4                           PER CURIAM
                                                AUGUST 8, 2000
LINDA FLOOD


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David T. Stitt, Judge

(Ted Kavrukov; Kavrukov, Mehrotra & DiJoseph;
Kavrukov & DiJoseph, on briefs), for
appellant.

(Dennis M. Hottell; Christopher Malinowski;
Dennis M. Hottell & Associates, P.C., on
brief), for appellee.


Ken R. Gallahan appeals three orders entered by the circuit court. He contends that the trial court erred by (1) finding him in contempt of court in its order of January 7, 2000; (2) by considering and relying upon an order entered by the juvenile and domestic relations district court (J&DR court); (3) finding no changed circumstances warranting unsupervised visitation; (4) considering matters not pleaded by Linda Flood (Flood); (5) assessing attorney's fees against him for remarks made outside the J&DR court; (6) ordering him to pay costs associated with a witness; (7) assessing attorney's fees against him; and (8)

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

denying his motion for sanctions.  Flood seeks attorney's fees
incurred in this appeal.  Upon reviewing the record and briefs of
the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the decision of the trial court.
See Rule 5A:27.

## Background

The parties are the parents of a single child, Trevor Ryan
Flood.  Pursuant to a consent order entered by the circuit court
on March 18, 1996, visitation between Gallahan and Trevor was
conditioned on the parties' participation in joint counseling
sessions, with costs shared equally.  Under the consent order, all
visitation between Trevor and Gallahan was to be supervised, with
Gallahan paying all costs associated with the supervised
visitation.  The designated counselor, Patricia H. Meyer, chose
Flood to supervise the visitations.  Gallahan ceased participating
in the joint counseling sometime in September 1996.  Gallahan
continued supervised visitation with Trevor for a period of time,
having fifty-five visits with Trevor in 1997, thirty-four in 1998,
and none in 1999.

In early 1999, Gallahan filed a motion seeking unsupervised
visitation with Trevor, joint counseling at the Fairfax County
Family Counseling Unit, a psychological evaluation of Flood, and
payment of all fees, expenses and costs by Flood.  Flood filed a
petition for a rule to show cause, alleging that Gallahan failed
to participate in joint counseling as required by the March 18,

-

1996 consent decree and that he failed to pay his share of the costs of supervised visitation. Gallahan, proceeding pro se, filed a motion to compel discovery. The J&DR court held a two-day hearing on September 29 and 30, 1999, although Gallahan failed to appear on the second day. By order entered October 19, 1999, Gallahan was found to be in contempt of court for failing to abide by the March 1996 consent decree. In pertinent part, the J&DR court barred visitation until Gallahan resumed joint counseling with Meyer, and ordered Gallahan to pay $11,164.57 in costs, fees and sanctions arising from his failure to appear on the second day of the hearing; his filing a frivolous motion to compel discovery; costs of consultation services rendered by Meyer and the costs of her appearance on the second day of the hearing; and attorney's fees. He was ordered to pay $2,214.57 within thirty days, of which $2,014.57 was one-half the consultation fees paid by Flood to Meyer for her consultation services since 1996, and $200 was the fee charged by Meyer for her appearance in J&DR court on September 30, 1999.

Gallahan appealed the J&DR court's decision to the circuit court. Prior to the trial, by order entered January 7, 2000, the trial court found Gallahan in contempt of court for failing to pay the $2,214.57 within the time required under the October 1999 decree, and remanded him to the custody of the sheriff until he paid the amount due and $350 in attorney's fees. Gallahan paid the amount that day.

-

The circuit court conducted a hearing de novo on February 8 and 9, 2000. In its final order entered February 25, 2000, the trial court denied Gallahan's motion to change visitation because he failed to prove a material change of circumstances warranting the modification; suspended supervised visitation until Gallahan resumed joint counseling with Meyer; required the parties to share the cost of joint counseling, and ordered Gallahan to pay $10,739.50 in sanctions, fees, and awards. Prior to entry of the final decree, Flood filed a motion for attorney's fees and Gallahan filed a motion for sanctions. In a separate order entered February 25, 2000, both motions were denied. Gallahan appealed.

## I. Reliance on J&DR Order

Gallahan contends that the trial court erred by allowing testimony concerning the proceedings in the J&DR court. We find no error. Gallahan misconstrues the effect of a hearing de novo in circuit court following an appeal from a decision of the J&DR court. A hearing de novo allows the parties to present their case unfettered by the presumption of correctness generally attached to a previous court's determination on appeal. See Box v. Talley, 1 Va. App. 289, 292, 338 S.E.2d 349, 351 (1986). However, the order entered by the J&DR court remains a valid, enforceable order until the circuit court enters an overriding order. See Peple v. Peple, 5 Va. App. 414, 419, 364 S.E.2d 232, 236 (1988). The circuit court heard the evidence ore tenus and made its own determination.

-

We find no indication that the trial judge applied an incorrect level of deference to the proceedings in the J&DR court.

## II.  Finding of Contempt

Gallahan contends that the trial court erred when it found him in contempt of court in its order entered January 7, 2000.  In her responsive pleading, Flood contends that because Gallahan failed to file a timely appeal of the order, this Court lacks jurisdiction to hear this argument.  See Rule 5A:6.

We find that the January 7, 2000 order holding Gallahan in contempt was not a final order.  The order itself notes that "this cause is continued."  Therefore, Gallahan's appeal of this issue is not time-barred.  However, Gallahan endorsed the trial court's order only as "excepted to," and failed to note any specific objection to the trial court's decision.  Therefore, he failed to preserve for appeal any objection to this order.  See Rule 5A:18; see also Lee v. Lee, 12 Va. App. 512, 404 S.E.2d 736 (1991) (en banc).

## III.  Changed Circumstances

Gallahan also contends that the trial court erred when it ruled that he had failed to demonstrate a material change in circumstances warranting a modification in visitation.  As the party seeking a modification of the visitation order, Gallahan bore "'the burden of proving, by a preponderance of the evidence, a material change in circumstances justifying a modification of the decree.'"  Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d

-

559, 561 (1993) (citation omitted).  The trial court applies a two-pronged test:  "(1) whether there has been a change of circumstances since the most recent custody award; and (2) whether such a change would be in the best interests of the child." Hughes v. Gentry, 18 Va. App. 318, 321, 443 S.E.2d 448, 450 (1994) (citing Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983)).  "In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling considerations.'"  Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court's determination of whether a change of circumstances exists and its evaluation of the best interests of the child will not be disturbed on appeal if the court's findings are supported by credible evidence.  See Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

The trial court specifically asked counsel to articulate the alleged material changes.  Gallahan's counsel noted only two:  (1) that Gallahan had visited with Trevor since the March 1996 order; and (2) that Trevor was now eight years old.  The trial court found neither proposed ground was a material change in circumstances, as both were contemplated at the time the order was originally entered.  Because credible evidence supports the finding of the trial court, we find no error.

-

While Gallahan also argues that the consent order was not <u>res judicata</u>, he raises this argument for the first time on appeal. We therefore do not consider it further. <u>See</u> Rule 5A:18.

IV. Matters Not Pleaded

Gallahan contends that the trial court erred in imposing sanctions against him and assessing attorney's fees and court reporter's fees because Flood did not request these awards in her pleadings. We find this contention to be without merit.

Under Code § 8.01-271.1, the signature of a party on a filing "constitutes a certificate by him that . . . (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." If the court finds that a pleading was interposed for an improper purpose, the court <u>sua</u> <u>sponte</u> "shall impose upon the person who signed the paper . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee." Thus, the trial court was authorized to impose sanctions against Gallahan based upon the evidence that he filed his motion to compel in order to harass Flood and make her expend attorney's fees.

Furthermore, Gallahan's contention that Flood failed to raise in her pleadings a request for attorney's fees is contradicted by the record. Flood sought relief including, "but not limited to,

-

[Gallahan's] prompt payment of the $1,030 for his share of counseling, [and] payment of [Flood's] reasonable attorney's fees . . . ."  Flood also sought, and was denied, attorney's fees in her subsequent motion filed in circuit court.

## V.  Assessment of Sanctions

As noted above, the trial court acted within its authority when it assessed $900 in attorney's fees as a sanction against Gallahan for the filing of the frivolous motion to compel.  See Code § 8.01-271.1.  Evidence that the trial court found to be credible proved that Gallahan intentionally filed the motion for an improper purpose.  The sanction award was supported by evidence in the record and was not an abuse of discretion.

## VI.  Assessment of Witness' Fees

An award of costs, like an award of attorney's fees, is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The trial court found that Gallahan was liable for $2,189.50 for costs associated with Meyer's appearance in both the J&DR and circuit courts.  We find no abuse of discretion in this award of costs.

Gallahan represented to the J&DR court that he had "ten pages" of questions to ask Meyer and needed her to be present the second day of trial.  Nonetheless, Gallahan himself failed to appear that day.  The J&DR court found that Gallahan was not excused, noting

-

> [w]e specifically told him what he needed to
> provide to the Court in order to be excused
> from Court today, and that was not provided.
> There was no medical reason established why
> he could not appear in Court.

No other evidence supported Gallahan's explanation for his absence. While Gallahan testified in the circuit court that he failed to appear for the second day of the J&DR court hearing because he was sick, the trial court was entitled to determine whether Gallahan's testimony was credible.

In addition, Gallahan refused to agree to introduce the counselor's testimony before the J&DR court so as to avoid the necessity of her appearing to testify in the circuit court. The trial court found that

> given what I've already found to be just
> total lack of merit of the father's position
> in this hearing, and given the unwillingness
> of the father and counsel to agree to some
> kind of an arrangement where Ms. Meyer would
> not have to appear today, and frankly that
> issue was before the Calendar Control Judge,
> it's not like it wasn't raised before, the
> father will be required to pay the $550 that
> brought Ms. Meyer here today.

The trial court acted within its authority when it ordered Gallahan to pay one-half the expense attributable to Meyer's appearance, and to bear the costs attributable to her unnecessary appearances.

## VII.  Assessment of Attorney's Fees

The decision of the trial court to award attorney's fees is reviewable solely for abuse of discretion. See id. The key to a

-

proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  "In determining whether an award of attorney's fees is appropriate, the focus should be on the parties' bona fide claims and not on the parties' ability to predict in advance of trial the exact ruling of the court."  Richardson v. Richardson, 30 Va. App. 341, 352, 516 S.E.2d 726, 731 (1999).

The trial court found Gallahan's motion to be without merit.  In remarks from the bench, the court also noted that

> I'm also mindful that [Gallahan] has evidenced a pattern of a lack of respect for court orders.  That's been amply shown by the number of times he's been held in contempt.  I'm also taking into consideration my knowledge of reasonable attorney's fees for litigating something of this order of magnitude.

We find no abuse of discretion in the trial court's decision to order Gallahan to pay $6,000 in attorney's fees.

### VIII.  Motion for Sanctions

Gallahan also contends that the trial court erred when it denied his motion for sanctions against Flood by order entered February 25, 2000.  He contends that Flood knew or should have known at the time she filed her petition for a rule to show cause that he had paid his share of joint counseling costs and that he was not required under the J&DR court consent order of March 18,

-

1996 to attend joint counseling sessions.  We find no merit in this contention.

> 2.  The visitation schedule shall be agreed to by the parties based upon the recommendation of Patricia H. Meyer, LCSW, who shall monitor visitations by consultation with the supervisor and joint counseling sessions with the parties.  The parties shall cooperate in initiating supervised visitation and dealing constructively with the problems that may arise through joint counseling with Ms. Meyer.  The parties shall be equally responsible for the costs of joint counseling with Ms. Meyer.  [Gallahan] shall be responsible for the costs associated with the supervised visitations recommended by Ms. Meyer, including consultations between the supervisor and Ms. Meyer that are required by Ms. Meyer.

Gallahan was required to pay the costs associated with supervised visitation and one-half the costs of joint counseling.  At the time Flood filed her Verified Petition for Issuance of a Rule to Show Cause, Gallahan was delinquent in making the necessary payments.  The J&DR court found that Gallahan owed $1,900 for amounts paid to Meyer for consultations between September 1996 and December 1998.  While Gallahan was not found to be in contempt of court for discontinuing the joint counseling, Flood was awarded costs by both the J&DR court and the circuit court.  We do not find any abuse of discretion by the trial court's rejection of Gallahan's motion for sanctions under these circumstances.

-

<u>IX.  Appellate Attorney's Fees</u>

Flood seeks an award of attorney's fees she incurred defending this appeal.  We decline to award appellate attorney's fees.  <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 479 S.E.2d 98 (1996)[1].

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

---

[1] Gallahan has filed a "Motion for Suspension of Execution of Order."  We deny that motion.

Flood has filed a "Motion for Sanctions."  Likewise, we deny that motion.