COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


DANIEL J. HUGHES

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1745-00-1           JUDGE WILLIAM H. HODGES
                                            JUNE 19, 2001
MADONNA MARIE HUGHES


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                   H. Thomas Padrick, Jr., Judge

            Kenneth A. Moreno (Louis W. Kershner &
            Associates, P.C., on brief), for appellant.

            Deborah C. Sagedy for appellee.


     Daniel Hughes (husband) appeals the trial court's order which

increased the amount of spousal support husband is obligated to

pay Madonna Marie Hughes (wife).  On appeal, husband contends the

trial court erred in making the following findings:  (1) there was

a mutual mistake of fact in the separation agreement (the

agreement); (2) wife's entitlement to military health benefits was

not the foundation of the agreement; (3) the remaining terms of

the agreement were valid; (4) the parties contemplated that wife

would receive military health benefits; and (5) wife's

ineligibility to health benefits was a change in circumstance

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

warranting increased spousal support.  For the reasons that follow, we affirm.

BACKGROUND

Husband and wife were married on September 20, 1970, and separated on October 3, 1997.

Before entry of the final decree of divorce, the parties negotiated and drafted a Stipulation and Agreement.  In Paragraph 12 of the early draft agreement, husband agreed "to maintain the current medical and dental insurance for Wife through his current employer and Champus, until entry of a final Decree of Divorce." The draft also contained the following:

> After entry of the Final Decree, Wife shall be entitled to full military privileges, including but not limited to, medical and dental insurance, as the parties have been married more than 20 years, and the Husband performed at least 20 years of service creditable for retired pay, and there was a 20 year overlap of the marriage and military service.  Husband will cooperate and do whatever is necessary to ensure that Wife has medical and dental insurance through the military.

In that same early version of the agreement, husband indicated that he "was in the United States Navy for twenty (20) years, and . . . retired from the military in November of 1990." That date was redacted and replaced by a handwritten notation indicating December 1989 as his date of retirement.  The final version of the agreement included the November 1990 retirement date and did not include the earlier avowal that "there was a 20

-

year overlap of the marriage and military service" and that "[h]usband will cooperate and do whatever is necessary to ensure that Wife has medical and dental insurance through the military."

The final signed agreement contained the following section relating to Medical Insurance:

> Until entry of the Final Decree of Divorce, Husband shall provide medical insurance for Wife through the military. After entry of the Final Decree, Husband shall cooperate to do whatever is necessary to ensure that Wife has medical insurance and other benefits she may be entitled to through the military.

In the final version of the agreement, husband agreed to pay wife $700 per month "as spousal support and maintenance, beginning July 1, 1998." The trial court incorporated the final agreement into the December 28, 1998 final decree. In the final decree, the trial court transferred "all matters pertaining to spousal support" to the juvenile court "for the enforcement of this decree or for the modification or revision thereof as the circumstances may require."

On March 15, 2000, wife filed a petition for an "increase in spousal support or for [husband] to pay [her] health insurance."

On June 12, 2000, the trial court conducted a hearing at which husband argued there had been no material change of circumstances warranting increased spousal support. He also argued that he never included the wrong retirement date, but merely advised his attorney when he discovered that the date was incorrect. According to husband's attorney, wife's attorney

-

prepared the final copy without including the proper retirement date and husband signed it without being aware that it still contained the incorrect retirement date.

Wife's attorney argued that, as a result of the mistake in the agreement, wife "has an additional $500 to $600 worth of [monthly medical] expenses" that she must meet.  According to wife's attorney, "That's a changed circumstance."

At the June 12, 2000 hearing, husband's attorney told the trial court, "[T]his is not . . . a change of circumstance, Your Honor.  This is just a mistake."  (Emphasis added.)  By order dated June 12, 2000, the trial court ruled that "husband's retirement date of 1990 resulted from a mutual mistake of fact assumed by both parties" and that wife's "entitlement of military health benefits was not the foundation of the agreement."  The trial court explained that the mistake "fail[ed] to reach the basis of the separation agreement itself," which was "to effect a settlement and adjustment of rights and questions arising from their marital status and Separation."  Because wife was unable to obtain "military health benefits as contemplated by the parties," the trial court found "a change in circumstances warranting revision of spousal support paid by the husband to the wife."

## DISCUSSION

"The judgment of a trial court sitting in equity, when based upon an ore tenus hearing, will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Box v.

-

_Talley_, 1 Va. App. 289, 293, 338 S.E.2d 349, 351 (1986).

However, "property settlement and support agreements are subject

to the same rules of construction and interpretation applicable

to contracts generally." _Fry v. Schwarting_, 4 Va. App. 173,

180, 355 S.E.2d 342, 346 (1987).  "In Virginia property

settlement agreements are contracts and subject to the same

rules of formation, validity and interpretation as other

contracts."  _Smith v. Smith_, 3 Va. App. 510, 513, 351 S.E.2d

593, 595 (1986) (citation omitted).

One of the tools available to a court of equity is the

equitable remedy of reformation, which "provides relief against

a [mutual] mistake of fact in a written instrument . . . where

both parties sign an instrument mistakenly believing it reflects

their antecedent bargain."  _Gibbs v. Price_, 207 Va. 448, 449-50,

150 S.E.2d 551, 552 (1966); _see also_ _Boone v. Scott_, 166 Va.

644, 652-53, 187 S.E. 432, 436 (1936) (equity should and will

reform instrument to make it conform to real intent of the

parties at time it was executed; noting that reformation is

available when one party obtains more than he or she intended to

gain and the other party is forced to relinquish that which he

or she did not intend to relinquish); _Wilkinson v. Dorsey_, 112

Va. 859, 869, 72 S.E. 676, 680 (1911) (under its equitable

jurisdiction, trial court may give relief on the ground of

mistake in connection with written instrument if "there has been

an innocent omission or insertion of a material stipulation,

-

contrary to the intention of both parties, and under a mutual mistake").

"In determining whether a mutual mistake of fact existed at the time of the agreement, the inquiry is not, . . . who initially made the mistake, but rather, whether each party held the same mistaken belief with respect to a material fact at the time the agreement was executed." Collins v. Dept. of Alcoholic Beverage Control, 21 Va. App. 671, 681, 467 S.E.2d 279, 283, aff'd on reh'g en banc, 22 Va. App. 625, 472 S.E.2d 287 (1996). When the mutual mistake constitutes "the very basis or essence" of the contract, rescission rather than reformation is the proper remedy. See Seaboard Ice Company v. Lee, 199 Va. 243, 252, 99 S.E.2d 721, 727 (1957); see also Lee v. Laprade, 106 Va. 594, 597-98, 56 S.E. 719, 720 (1907) (rescinding deed in which lot conveyed by seller was part of public street, explaining that court of equity has jurisdiction to rescind as long as mistake is material in its character and does not go to the very substance of the contract). Clear and convincing evidence is required to support reformation of an instrument because of a mutual mistake of fact. See Boone, 166 Va. at 653, 187 S.E. at 436.

The record contains clear and convincing evidence to support the trial court's decision that inclusion of the incorrect date of retirement was a mutual mistake of fact. While drafting the agreement, husband and wife consistently

-

referred to and relied upon the 20-year overlap of husband's service with the marriage. The spousal support figure that the parties agreed upon was certainly based on the parties' continued belief that wife was entitled to health benefits through the Navy. Moreover, nothing in the record suggests that husband intended to include the wrong date of retirement and place upon wife the burden of paying for costly private insurance.

Husband and wife entered into the stipulation and agreement "in order to finally settle their property rights" and any other issues "arising from their marital status and separation." In addition to spousal support, the agreement provided that wife receive one-half of husband's military retirement, and it attempted to settle the parties' respective rights as to real property, personal property and debts. Therefore, the mistake did not go to the very foundation or essence of the agreement; instead, the mistake only affected wife's health benefits.

Because the record supports the trial court's decision of a mutual mistake of fact, the chancellor properly reformed that portion of the agreement that failed to conform to the parties' understanding that wife was eligible to receive military health benefits and their desire that she be able to maintain such low cost coverage. Accordingly, the decision of the trial court is affirmed.

Affirmed.

-