**Alexandria**

JAMES MILLAR GRAVES

v.

BONNIE JUNE GILL GRAVES

No. 1047-85

Decided June 16, 1987

COUNSEL

Steven M. Garver (Garver & Moller, on brief), for appellant.

Judith M. Bragan (Dixon & Smith, on brief), for appellee.

OPINION

**KEENAN, J.** — James M. Graves (husband) appeals from a decree in which the trial court denied him a divorce based on desertion contrary to the recommendation of the commissioner in chancery, awarded Bonnie J.G. Graves (wife) a divorce on the ground of a one year separation, and awarded the wife $4,800 in attorney's fees. The issues presented in this appeal are: (1) whether the trial court erred in finding that the husband did not prove his allegation of desertion; (2) whether there was sufficient evidence to grant the wife a divorce based on a one year separation; and (3) whether the trial court abused its discretion in its award of attorney's fees to the wife. Based upon our review of the record, we find that the trial court erred in granting the wife a divorce on the

evidence presented. We further find that the trial court did not err in denying the husband a divorce based on desertion and in awarding the wife $4,800 in attorney's fees.

The evidence in this case was heard by the commissioner in chancery. It is undisputed that the parties had an argument on October 2, 1983, regarding their daughter, Carole Anne, who was then aged sixteen. As a result of this argument, the wife left home. Later in the evening, she called and spoke to Carole Anne. According to Carole Anne, the wife stated that she was at a friend's house and further said: "I may or may not be back in the course of time." The wife stayed with her friend that evening.

The evidence further showed that the next morning, the wife called home and spoke with the husband. According to the husband, the wife indicated "that she was going to come back and get her things." The husband testified, however, that he was afraid the wife would take items other than clothes, so he asked Carole Anne to pack a suitcase "so we could meet her at the door."

The wife testified that the purpose of her call was to tell the husband that she was coming home to change her clothes and go to work. According to the wife, the husband told her that she had deserted him and that she could not come back into the house. The wife further testified that when she later returned home and entered the house, the husband grabbed her arm and started to push her backwards out of the house, stating: "Well, you got farther than I thought you would get." A struggle ensued. The wife testified that the husband punched her in the face and kicked her in the ribs and back. She admitted biting her husband, but stated that it was done in self-defense. The husband did not testify as to the parties' physical altercation.

Carole Anne testified that she saw her father pushing her mother and that "[t]hey were struggling in the hall and he was shoving her out the door." The husband succeeded in getting the wife out of the house and she did not return. The following day, October 4, 1983, the husband filed a bill of complaint for divorce alleging that the wife had deserted him.

The husband testified that on the weekend after these events took place, he attempted to reconcile with his wife, but she refused to return. According to the husband, the wife said that she

could not stand to live under the same roof with him.

Based on these facts, the commissioner found that the wife was guilty of desertion. He explained his finding:

> If she intended to return on October 2, 1983, but changed that intent as a result of the fight on the morning of October 3, 1983, then the question is transformed to the right and justification to leave and not return as a result of the right. It is the opinion of the commissioner that the fight which took place on October 3, 1983 was equally provoked and triggered by acts, words, and demands by both and that both equally participated in the fracas even though the wife may have suffered more immediate effects.

The trial court overruled the commissioner's finding of desertion. The court found that the wife's initial decision to leave home following the argument was a "prudent" one. The court further found that the husband's refusal to allow the wife back into the house precipitated the physical confrontation between the parties. The court stated: "[T]he husband's attitude indicated a specific intent to find a ground on which to end the marriage. His filing for divorce on the day following this assault is further proof of the husband's state of mind." Finally, the court held that the wife's refusal to return the following weekend was not "inappropriate" given the fact that her husband previously had told her she could not return and had assaulted her when she tried. The court found that the commissioner's conclusions about the wife's attitude toward the marriage were "preposterous."

The commissioner's hearing was held on October 1, 1984. At that time, the parties had been separated less than one year. The husband testified that they ceased cohabitation on October 2, 1983; the wife testified that they had been separated since October 3, 1983. After October 1, 1984, no further evidence was taken regarding the period of the parties' separation. The court, however, awarded the wife a divorce based upon a one year separation. The decree of divorce was entered on July 12, 1985. The court further awarded the wife counsel fees of $4,800, payable in installments of $300 per month.

## I.

The husband first argues that the trial court erred in overruling the commissioner's recommendation. He contends that the wife left the marital abode of her own free will on October 2, 1983 when she went to her friend's house. He further contends that even though he and his wife argued prior to her departure, there was no physical fighting between them on that date. The husband argues that these facts, combined with the wife's statement that night to her daughter that she "may not be back," indicated that she did not intend to return to the marital relationship.

These facts were directly addressed by the trial court in its letter opinion overruling the commissioner's finding of desertion. The court held:

> The Commissioner's finding of desertion is not justified by the facts elicited before him. The wife had not clearly formed any intent to desert the marriage when she left the marital abode on October 2, 1983. Her decision to leave the home at that time in order to let passions subside was prudent. Her statement to her daughter "I may or I may not be back in the course of time" indicate[s] an ambivalent attitude. Further, given the daughter's heavy participation in the preceding argument, the remark could easily be construed as a rebuff to the daughter rather than a weighty philosophical comment on the state of her marriage.

> Upon her return to the marital abode, it is clear that whoever began the physical assault, it was precipitated by her husband's refusal to allow the wife into the home and his conclusion that the wife's overnight stay at the neighbors constituted her deserting him and their 20 year marriage. The husband's attitude indicated a specific intent to find a ground on which to end the marriage. His filing for divorce on the day following this assault is further proof of the husband's state of mind.

> The wife's refusal to return the following weekend after having been told by the husband that she could not return

home, then physically assaulted and ejected from the marital domicile does not appear to have been inappropriate. The Commissioner's finding that the wife's actions indicated a "nonchalant attitude" towards her marriage and a desertion of the same is "preposterous".

■ Desertion must be proved by a preponderance of the evidence. *Bacon v. Bacon*, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41 (1986). The trial court concluded that the commissioner's finding of desertion was not supported by the evidence. We review the trial court's decision in accordance with Code § 8.01-610, which explains the weight that the trial court should give a commissioner's report. That statute provides: "The report of a commissioner in chancery shall not have the weight given to the verdict of a jury on conflicting evidence, but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence."

■ In *Hill v. Hill*, 227 Va. 569, 318 S.E.2d 292 (1984), the Supreme Court further explained the proper weight to be accorded a commissioner's report. There, the Court stated:

While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence.

*Id.* at 576-77, 318 S.E.2d at 296.

■ The trial court does not, however, delegate its judicial functions to the commissioner in chancery when it refers a cause to him or her. *Hodges v. Hodges*, 2 Va. App. 508, 513, 347 S.E.2d 134, 137 (1986). The trial court may accept or reject the commissioner's findings in whole or in part as its judgment may require. The commissioner's function is to assist the trial court, not take its place. *Id.*

Based upon our review of the record, we agree with the trial court's conclusion that the evidence did not support the commissioner's finding of desertion. When the wife left the marital abode on October 2, 1983, she took only her purse and a jacket with her. Her statement to her daughter that she might not be back does

not establish a clear intent to desert the marriage. Such an intent, however, is required to prove desertion. *Collier v. Collier*, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986).

The wife testified that on October 3, 1983, the husband struck her repeatedly and pushed her out of the house. We believe that the record supports the trial court's conclusion that the assault was precipitated by the husband's refusal to allow the wife into the home on that date. We agree with the trial court that her refusal to return the following weekend, after having been assaulted on a prior occasion when she came back to the house, is not proof of an intent on her part to desert the marriage. Therefore, we find that the trial court was correct in overruling the commissioner's finding of desertion because that finding was not supported by a preponderance of the evidence.

## II.

The husband next argues that the trial court erred in granting the wife a divorce based on a one year separation. We agree. The commissioner's hearing was held on October 1, 1984. On that date, the wife testified that she and the husband had been living separate and apart, without interruption, since October 3, 1983. The husband testified that the parties had ceased cohabitation on October 2, 1983. However, no evidence was received by the trial court regarding whether the parties remained separated after October 1, 1984. Notwithstanding this fact, the final decree of divorce recited the court's finding that "[t]he parties have lived separate and apart, without any cohabitation and without any interruption for a period in excess of one year, pursuant to § 20-91(9) of the 1950 Code of Virginia as amended."

■ The wife argues that the fact of the parties' continued separation was "represented" to the trial court on April 30, 1985. Our examination of the record, however, reveals that neither evidence nor agreed stipulations of fact were submitted by the parties and received by the trial court. Without this, the trial court had no evidentiary basis for concluding that the parties had lived separate and apart for a period in excess of one year. Mere representations by counsel are not evidence. Agreed stipulations of fact must be submitted to the court as such, and received by it in lieu of evidence of those facts. That procedure was not followed in this case.

Therefore, we find that the trial court erred when it granted a divorce based on the one year separation of the parties.

## III.

The husband also contends that the trial court erred in awarding the wife attorney's fees in the amount of $4,800. The wife argues that given the nature and length of the proceedings, the award was reasonable. The wife submitted to the trial court a statement which indicated past due as well as estimated current legal fees in the total amount of $4,821. Further, the financial statements submitted by the parties showed the husband's gross income to be more than three times that of the wife.

An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion. *Ingram v. Ingram*, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976). Based on our review of the proceedings in this cause, we find that the trial court did not abuse its discretion in its award of attorney's fees to the wife.

## IV.

In summary, therefore, we find that the trial court properly concluded that the evidence taken before the commissioner did not establish desertion on the part of the wife; that the trial court erred when it granted the wife a divorce based on a one year separation without evidence or agreed stipulation of fact as to the parties' continued separation after the date of the commissioner's hearing; and that the trial court did not abuse its discretion in its award of attorney's fees to the wife. Accordingly, the decree appealed from is affirmed in part, reversed in part, and remanded to the trial court for proceedings consistent with the principles expressed herein.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Duff, J., and Moon, J., concurred.