## CIRCUIT COURT OF CAROLINE COUNTY

Joyce Ellen Sale Atkinson

    v.

Daniel Lee Atkinson

May 9, 1990

Case No. CH89-117

By JUDGE WILLIAM H. LEDBETTER, JR.

The question presented in this case is whether a mobile home and an acre of land acquired by Mrs. Atkinson prior to the marriage is marital property under Virginia Code § 20-107.3.

Mr. and Mrs. Atkinson were married in August of 1985. No children were born of the marriage. The parties separated on October 17, 1988, and have lived separate and apart since.

### *Divorce*

Mrs. Atkinson has requested a "no fault" divorce based on one-year separation. Mr. Atkinson claims that Mrs. Atkinson deserted, without legal justification, and he seeks a divorce on that basis. Mrs. Atkinson's allegations are fully supported by the evidence; Mr. Atkinson's allegations are not corroborated, as required by law. *Graves v. Graves*, 4 Va. App. 326 (1987).

Accordingly, Mrs. Atkinson will be awarded a divorce based on one-year separation under Virginia Code § 20-91(9).

## Equitable Distribution

During the marriage, the parties acquired tangible household items, vehicles, and boats, as well as an accumulation of cash in bank accounts. The parties presented evidence about these items, and there were some references made to value, but in the final analysis, both parties are satisfied with the extra-judicial division that has been made of all personal property. It is obvious that Mrs. Atkinson makes no claim to any property, whether classified as marital or separate, in Mr. Atkinson's possession although her attorney questioned Mr. Atkinson about those items and their value. It is similarly obvious that Mr. Atkinson makes no claim to any personal property, whether classified as marital or separate, in Mrs. Atkinson's possession. (Tr. of 3/22/90, p. 13).

The dispute involves a mobile home and parcel of real estate titled in Mrs. Atkinson's name and acquired by her before the marriage.

The evidence establishes that Mrs. Atkinson purchased the mobile home in September, 1980, from Jeff Davis Mobile Sales, Inc., and paid cash for it. The source of funds was Mrs. Atkinson's separate money. The evidence also establishes that Mrs. Atkinson purchased the land, consisting of 1.066 acres, in September of 1980. The source of funds was Mrs. Atkinson's separate money.

Sometime in 1981 or 1982, Mr. Atkinson moved in with Mrs. Atkinson. He claims that he made considerable improvements to the mobile home and the land. Title to the property was never transferred to Mr. Atkinson or to joint ownership. Mr. Atkinson acknowledges that he made no contributions toward the purchase of these assets.

In making an equitable distribution under § 20-107.3, all property acquired during the marriage is presumed to be marital property. § 20-107.3(A)(2). Property acquired by either party before the marriage is separate property. Section 20-107.3(A)(1). However, separate property may become marital property when a spouse fails to segregate and, instead, commingles separate property with marital property, or in some other fashion, the parties manifest an intention that the property is to be treated as marital property. *Smoot v. Smoot*, 233 Va. 435 (1987); *Westbrook*

*v. Westbrook*, 5 Va. App. 446 (1988). This process is known as "transmutation."

Here, there was no commingling. Mr. Atkinson contends that Mrs. Atkinson's mobile home and land were transmuted into marital property, in which he has a marital interest, because he poured some "quick-dry" concrete for a patio and sidewalk, built a small wooden porch or stoop which he described as a "sun deck," planted some shrubs, and contributed to the maintenance of the property while he lived there, before and after the marriage. He has offered no receipts or other documentary evidence to establish the amount of money and labor that went into these improvements and maintenance. At one point, he testified that the value of his efforts was $40,000.00; at another point, he said $25,000.00. Based on the evidence, these estimates are absurd. The total tax assessment, which is the only evidence of value proffered, is less than $9,000.00.

The court finds that there is no basis to Mr. Atkinson's claim that the land and mobile home were "transmuted" to marital property by virtue of his work on the property while he was living there.

If Mr. Atkinson's testimony is construed to be a request for reimbursement, this claim, too, must fail. First, the court has no authority under § 20-107.3 to reimburse one spouse for contributions made during the marriage. Second, Mr. Atkinson has provided no credible evidence of the value of his contributions. Third, even if Mr. Atkinson could prove value and the court had authority to reimburse him, the court would not do so in this case because of the obvious unfairness of the claim. Mr. Atkinson lived in Mrs. Atkinson's home, rent free, for more than three years prior to the marriage and for more than three years following the marriage. For most of that time, he was not gainfully employed. Contributions which he made to the maintenance of the real estate from his labor and his workmen's compensation benefits were at least offset by the monetary and nonmonetary contributions made by Mrs. Atkinson.

### Conclusion

Mrs. Atkinson is entitled to a divorce based on one-year separation. The land and mobile home, acquired

by Mrs. Atkinson prior to the marriage, were not "transmuted" to marital property and remain the separate property of Mrs. Atkinson. There being no property to distribute under § 20-107.3, the relief sought by Mr. Atkinson regarding equitable distribution will be denied.