COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


RALPH L. BENNETT

MEMORANDUM OPINION[*] BY

v.  Record No. 1621-96-4   JUDGE CHARLES H. DUFF
   SEPTEMBER 23, 1997

JOYCE R. BENNETT


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
James W. Haley, Jr., Judge

Richard E. Crouch (John Crouch; Crouch &
Crouch, on briefs), for appellant.

Timothy T. Szabo (Szabo, Zelnick & Erickson,
P.C., on brief), for appellee.


Ralph L. Bennett (husband) appeals the equitable
distribution decision of the circuit court awarding Joyce R.
Bennett (wife) a portion of his disability retirement benefits
and deciding other issues.  Husband argues that the trial court
(1) erred in classifying the disability payments as marital
property; (2) erred in not classifying the disability payments as
partially separate property; (3) erred in crediting husband with
$23,000 in previously spent funds; (4) erred in denying husband
spousal support or a reservation of support; (5) abused its
discretion in awarding wife $3,000 in attorney's fees; and (6)
erred in classifying $27,000 in credit card debts as marital.
Joyce R. Bennett (wife) argues that the trial court erred in
setting the suspension bond in an amount insufficient to secure

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

recovery by her if she prevails.  We affirm the decision of the trial court.

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case."  Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).

> "Unless it appears from the record that the [trial judge] has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the . . . equitable distribution award will not be reversed on appeal."

Brown v. Brown, 5 Va. App. 238, 244-45, 361 S.E.2d 364, 368 (1987) (citation omitted).  Applying these principles, we examine the trial court's rulings which the parties contest.

### Disability Retirement

Husband contends that the trial court erred in finding his disability retirement was wholly marital property.  Husband contends the retirement is a "stream of income" which is entirely post-separation.  Alternatively, husband argues that the disability retirement is part marital and part separate property.

While this issue has not been directly addressed by this Court previously, we do not come to this question without the guidance of earlier decisions and statutory requirements.  Under

2

Code § 20-107.3, the rebuttable presumption is that benefits earned during the marriage are marital property. Pensions and retirement benefits of whatever kind are expressly included as marital property.[1] Previous decisions have focused on the importance of retirement benefits as "compris[ing] a 'portion of the pool of marital assets,' . . . clearly contemplated by the 'scheme' of Code § 20-107.3, which is intended to justly distribute the 'marital wealth of the parties.'" Banagan v. Banagan, 17 Va. App. 321, 325, 437 S.E.2d 229, 231 (1993) (citations omitted).

Here, husband's evidence demonstrated that the disability benefit husband received is a form of retirement benefit to which he was entitled through his employment; the amount of his disability benefit was calculated using his highest salary and years of service. It was, as wife points out, a defined benefit plan.

The letter informing husband of his disability retirement benefit noted that he was entitled to a disability credit of ten years and seven months. This credit reflected the non-marital portion of the asset. In its final order the trial court recognized that the husband's gross disability retirement was marital property and awarded the wife 50% thereof. However,

---

[1]Husband cites cases from other jurisdictions treating disability payments as separate property. In the absence of evidence that the statutory schemes in those jurisdictions are comparable to that of Virginia, we find those cases interesting but inapposite.

because the husband was entitled to the disability credit, the actual percentage to be paid to the wife was 37.5% rather than 50%. Therefore, we find no error in the trial court's decision finding husband's disability retirement benefit a marital asset subject to equitable distribution or in its calculation of the percentage to be paid.

## Credited Funds

Following an evidentiary hearing, the trial court found husband guilty of contempt for expending marital funds contrary to the court's prohibition. The evidence indicated that at least $23,000 of funds earned during the marriage was spent by husband for varied purposes, including repayment of an alleged 1978 loan by husband's mother towards the purchase of the marital residence, payment of husband's attorney's fees, a gift to the parties' daughter, and other purposes. Credible evidence indicated that those funds were marital assets which husband had improperly expended. See Clements v. Clements, 10 Va. App. 580, 585-86, 397 S.E.2d 257, 261 (1990). We find no error in the commissioner's recommendation that the equitable distribution award reflect husband's unilateral expenditure of those marital assets.

## Reservation of Support

Husband contends that he filed a "Notice and Motion for Pendente Lite Relief" in August 1994 in which he sought pendente lite spousal support. Wife conceded in her Final Reply

Memorandum to the commissioner that husband filed a motion seeking pendente lite support.  Husband first specifically requested a reservation of permanent spousal support in his Memorandum of Argument with Supporting Authority and Exhibits submitted after the commissioner had issued an "interlocutory ruling that Boyd v. Boyd [, 2 Va. App. 16, 340 S.E.2d 578 (1986),] . . . denies Husband's request for spousal support because of his failure to raise the issue in the initial pleading."  On appeal, husband also contends that the request for general relief in his Bill of Complaint for Divorce was sufficient to preserve his right to permanent spousal support.

The action commenced by husband, Chancery 94-375, was consolidated with wife's action under Chancery 94-363.  We have no copies of husband's initial pleadings in the record before us.  However, as the parties agree that husband later sought pendente lite support by motion, we accept that representation for purposes of this appeal.

As noted in Boyd, 2 Va. App. at 19, 340 S.E.2d at 580, "[t]he office of pleadings is to give notice to the opposing party of the nature and character of the claim, without which the most rudimentary due process safeguards would be denied."  Husband's request for general relief in his bill of complaint failed to alert wife that husband was seeking permanent spousal support.  See id. at 19, 340 S.E.2d at 579 (wife's general prayer "'for such other and further relief as to equity may seem meet

5

and the nature of her case may require'" was insufficient notice of request for spousal support).  Similarly, husband's request for a reservation of permanent support, first made after the completion of the commissioner's hearing, failed to provide wife with timely and sufficient notice of his claim for a reservation of support.  We find no indication that husband ever sought leave to amend his pleadings.

We also find that husband's request for pendente lite support was not sufficient to preserve his right to a reservation of permanent support.  Permanent support is separate and distinct from pendente lite support.  See Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903-04, 407 S.E.2d 37, 39-40 (1991).  Factors which the court must consider prior to an award of permanent support are not required to be considered before an award of pendente lite support.  Cf. Code §§ 20-107.1 and 20-103.  A pendente lite order "shall have no presumptive effect and shall not be determinative when adjudicating the underlying cause."  Code § 20-103(E).

Therefore, we find that husband's request for pendente lite support was not sufficient to raise before the court a reservation of his right to permanent spousal support.  The trial court did not abuse its discretion by accepting the commissioner's recommendation not to reserve spousal support for husband.

### Attorney's Fees

An award of attorney's fees is a matter submitted to the

6

sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

While husband alleges that wife extended the course of litigation, the record does not so indicate. Moreover, while husband indicates that he is not as well situated financially as wife, the evidence indicated that he had annual income of approximately $34,000. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in accepting the commissioner's recommended award.

### Credit Card Debts

Credible evidence indicated that approximately $27,000 in debts were incurred during the marriage. Approximately $8,000 of these debts were costs for the wedding of the parties' daughter. An additional amount was for the parties' truck. Pursuant to a credit workout, wife was obligated to pay $650 a month on these debts.

We find no error in the classification of the debts as marital. Clearly they were incurred during the marriage, and husband has not presented any evidence supporting his allegation that they were solely for wife's benefit. Moreover, the

7

commissioner assigned all the outstanding debts to wife, diminishing the value of her equitable distribution award.  We find no abuse of discretion.

## Suspension Bond

Wife contends that the trial court erred by setting a suspension bond that was insufficient to ensure wife's recovery. Neither wife nor husband conveyed the jointly-held property awarded pursuant to the final decree. Wife's monthly debt obligation existed prior to the entry of the decree and is unaffected by the amount of the bond. Wife received no current spousal support. Thus, wife's current financial obligations are substantially unchanged by the suspension of the court's decree pending resolution on appeal. We find unpersuasive wife's assertion that her inability to benefit from the equity in the marital residence requires that the suspension bond be set in an amount equal to that equity.

For the reasons stated, we affirm the decision of the trial court.

Affirmed.

Benton, J., dissenting.

<u>Disability Retirement</u>

I agree with the majority's holding that the trial judge did not err in finding that the disability retirement benefit was marital property subject to equitable distribution. <u>See generally</u> <u>Lookingbill v. Lookingbill</u>, 483 A.2d 1, 2-4 (Md. 1984) (discussing disability retirement benefits as marital property). However, because the trial judge's order contains a patent inconsistency, I would reverse and remand this issue to the trial judge for reconsideration.

Although the parties were married during the complete term of the husband's employment, the commissioner's report found that only "a portion of the [disability retirement pay was] . . . marital."[2] Apparently, the commissioner chose to allocate as non-marital the portion of the disability pay that was defined under the Virginia Retirement System as a "disability credit." The Virginia Retirement System had determined that the husband's benefits would be based on his actual years of service plus a "disability credit" that equalled the difference between the husband's age at the time of his retirement and the age of 60. To allocate the credit as non-marital property, the commissioner calculated the marital portion to be a fraction of the total benefit, the numerator of which was the number of years of actual

_____

[2]The record proved that the parties were married when the husband began his employment, and when the husband left his employment on disability retirement.

10

service and the denominator of which was the number of years of actual service plus the service credit. The commissioner found that the wife was entitled to 50% of that portion of the disability payments.[3]

The trial judge's order states, in pertinent part, the following:

> [Husband's] disability retirement pay . . . is found to be marital property subject to equitable distribution . . . pursuant to §20-107.3(G) of the Code of Virginia . . . . After analysis and consideration of all factors contained in §20-107.3, the [wife] is hereby awarded a 50% marital share of the [husband's] gross disability retirement pay . . . . [Husband] is presently receiving disability retirement pay and is ordered to pay [wife] 37.5% gross thereof each month beginning February 1, 1996 and each month thereafter until the death of either party. The aforesaid percentage is 50% of the fraction found by the Commissioner on page 21 of his report.

Thus, after finding the disability retirement pay to be marital property and stating that he was granting the wife a 50% share of that asset, the trial judge ordered the husband to pay the wife only 37.5% of the disability payments he received. The trial judge reached that result by using "the fraction found by the commissioner," which was a ratio based upon the commissioner's finding that a portion of the disability

_____

[3]It is worth noting that the commissioner committed an error by using 24 in the numerator as the number of years of actual service. The record reveals that the husband's length of service was approximately 22 years. It appears that the commissioner confused the date the husband's employment terminated, 1992, with the date of the parties' separation, which was 1994.

11

retirement pay was non-marital.  This presents a patent inconsistency on the face of the trial judge's order.  Thus, I would remand this issue for reconsideration.  Furthermore, the record does not clearly establish whether the trial judge intended to award the wife 50% or 37.5% of the retirement benefit.

## Credited Funds

The evidence proved that the husband expended $23,000 of marital funds to pay marital debts.  The record contains a specific accounting of the debts and the payments made by the husband.  Indeed, the wife did not dispute the debts.

Although the husband paid those debts in violation of the trial judge's order, such a violation does not per se constitute waste.  However, the record reveals that the trial judge did not believe the husband's explanation that he used $14,000 of the money to repay a debt the parties owed to his mother.  Thus, the trial judge did not err in crediting the husband with $14,000.

Of the remaining $9,000, $5,000 represented legal fees and $4,000 represented a variety of living expenses set forth in a detailed exhibit offered by the husband.  No evidence showed that the husband's use of the remaining $9,000 constituted waste.  Moreover, the trial judge made no such finding.  See Amburn v. Amburn, 13 Va. App. 661, 666, 414 S.E.2d 847, 850 (1992) (stating that use of marital funds to pay attorney's fees is not waste); Clements v. Clements, 10 Va. App. 580, 587, 397 S.E.2d 257, 261

12

(1990) (stating that use of marital funds for living expenses is not waste). Accordingly, I would reverse the trial judge's order crediting the husband with this $9,000 sum.

## Attorney's Fees

The record in this case established that the trial judge abused his discretion in requiring the husband to pay $3,000 of the wife's attorney's fees. The wife earned approximately $40,000 annually. The husband's total income was approximately $45,000 per year. However, the trial judge's division of the marital property required the husband to pay the wife 37.5% of his disability pay, approximately $10,500 per year. Thus, the wife's adjusted annual income was approximately $50,000 while the husband's adjusted annual income was approximately $35,000.

The trial judge stated no reason for requiring the husband to pay the wife's attorney's fees. Although a fee award is justified when the payor is in an economically superior position, see Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987), no reason is advanced for requiring the husband, who is in an economically inferior position, to pay the wife's fees.

For these reasons, I would reverse the judgment and remand with direction to the trial judge to reconsider the equitable distribution award. I would also reverse and set aside the award of attorney's fees.

13