COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


PATRICIA S. WILLIS

                                        MEMORANDUM OPINION*
v.    Record No. 1004-99-2                PER CURIAM
                                         OCTOBER 19, 1999
JOSEPH P. SPINNER, JR.


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Timothy J. Hauler, Judge

              (Renay M. Fariss, on briefs), for appellant.

              (Thomas L. Gordon; Gordon, Dodson & Gordon,
              on brief), for appellee.


       Patricia S. Willis ("Willis") appeals the judgment of the

circuit court pertaining to the failure of Joseph P. Spinner, Jr.

("Spinner") to pay spousal support.  Willis contends that the

circuit court erred in failing to find that Spinner was in

contempt of court and in failing to award Willis her "actual"

attorney's fees.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

       The parties were divorced by final decree entered on March

23, 1987.  The final decree ordered that Spinner pay Willis $200

per month as spousal support.  Spinner requested a reduction in

---

       * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

the monthly spousal support amount, and on September 28, 1987, a hearing was held in the circuit court regarding Spinner's appeal of the denial of his motion in the juvenile and domestic relations district court ("J & DR court"). The circuit court granted Spinner's motion and reduced his monthly spousal support obligation from $200 to $150. However, no order was entered reflecting the circuit court's ruling until March 22, 1999, when an order was entered nunc pro tunc to December 21, 1987, the date on which the parties had originally submitted an order to the court regarding the September 28, 1987 hearing.

On February 28, 1996, Willis filed a Show Cause Summons in the J & DR court alleging that Spinner was in arrears for monthly spousal support payments of $150 per month since September, 1995. On July 1, 1996, the J & DR court dismissed the motion. A handwritten note on the dismissal form states, "No court order."

Willis appealed that decision to the circuit court. By order entered February 5, 1997, the circuit court dismissed the appeal, indicating that there was no order from which Willis could appeal.

On March 24, 1997, Willis again filed a Show Cause Summons in the J & DR court, alleging that Spinner was in arrears for his spousal support in the amount of $200 per month pursuant to the March 23, 1987 final divorce decree. The parties then exchanged various discovery requests regarding the missing December 21, 1987 court order.

On March 2, 1998, the J & DR court sustained Willis's Motion for Show Cause and assessed the arrearage at $6,800.23. The J & DR court also awarded Willis $3,043.95 in interest and a total of $1,320 in attorney's fees. The order indicates that the J & DR court based its ruling on the March 23, 1987 final divorce decree. Spinner appealed the decision of the J & DR court.

At one point, the parties reached a settlement agreement for Spinner to pay Willis a specified amount; however, the parties were unable to agree on the distribution of the settlement amount. The record also indicates that on December 15, 1998, Spinner tendered a check to Willis in the amount of $1,250 as payment for the spousal support arrearages. However, Willis refused to accept the check.

In the meantime, personnel in the circuit court clerk's office found the missing December 21, 1987 order. After a hearing at which the trial judge heard evidence reconstructing the facts related to that order, the trial judge entered an order on March 22, 1999, nunc pro tunc to December 21, 1987, indicating that Spinner's spousal support obligation was $150 per month beginning on October 1, 1987.

On March 9, 1999, the circuit court held a hearing for Spinner's appeal of the March 2, 1998 J & DR order. At that hearing, Spinner admitted that he owed $1,250 in spousal support arrearages. By order entered April 1, 1999, the trial judge awarded Willis $1,250 in spousal support arrearages, and the trial

-

judge awarded Willis $279 in interest.  The trial judge refused to find Spinner in contempt of court because of the "conflicting orders and non-existing orders" in the case.

Willis's counsel requested $8,587.50 in attorney's fees.  The trial judge ordered that Spinner pay only $500 of Willis's attorney's fees, stating, "I'm not going to dignify this absurdity by awarding fees for a case that has gone on and on unnecessarily."  The trial judge went on to say that he was not by his ruling indicating that the requested attorney's fees were unreasonable or were not earned.  However, the trial judge stated, "I'm not going to add insult to injury by awarding those attorney's fees.  The case should have been resolved a long time ago."  Willis noted her objection on the trial judge's April 1, 1999 order, indicating that she objected only to the trial judge's failure to award her "actual attorney's fees."

Willis contends that the trial judge erred in failing to find that Spinner was in contempt of court for failure to pay spousal support.  "On appellate review of this issue, we may reverse the ruling of the trial court only if we find that it abused its discretion.  A trial court may hold a support obligor in contempt for failure to pay where such failure is based on unwillingness, not inability, to pay."  <u>Barnhill v. Brooks</u>, 15 Va. App. 696, 704, 427 S.E.2d 209, 215 (1993).

When ruling on the contempt issue, the trial judge stated, "With these conflicting and non-existing orders, I can't find that

-

there has been a willful and contemptuous act on the part of Mr. Spinner."  We cannot conclude, based on the evidence on this record, that the trial judge abused his discretion.

Willis next contends that the trial judge abused his discretion in failing to award her $8,587.50 in attorney's fees. An award of attorney's fees is a matter submitted to the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances.  See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The record indicates that both parties vigorously litigated this matter.  The trial judge noted that the "case should have been resolved a long time ago" and had "gone on and on unnecessarily."  In light of the circumstances of the case, we cannot say that the award was unreasonable or that the trial judge abused his discretion in making the award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-