COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Overton


KAREN A. DeLUCA

                                                           MEMORANDUM OPINION*
v.        Record No. 0482-05-4                                  PER CURIAM
                                                            SEPTEMBER 6, 2005
DENIS KATCHMERIC


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Jonathan C. Thacher, Judge

               (Karen A. DeLuca, *pro se*, on briefs).

               (Michael A. Ward, on brief), for appellee.


        Karen A. DeLuca appeals a decision of the trial judge concerning the distribution of the

proceeds of the sale of the parties' marital home following their divorce.  Wife raises eight issues on

appeal.  Denis Katchmeric, husband, requests an award of attorney's fees and costs incurred in this

appeal.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision, see Rule 5A:27, and award husband his

attorney's fees and costs.

        The trial judge entered the parties' final divorce decree on June 25, 2004.  The final decree

ordered the parties to sell the marital home within 120 days of June 25, 2004 and to equally divide

the net proceeds of the sale.  After wife failed to cooperate with the selling of the home, the trial

judge appointed a special commissioner to act on her behalf and to sign the listing agreement and

other necessary documents to complete the real estate transaction.  The trial judge also entered an

order directing that the net proceeds of the sale of the property be paid into an interest bearing

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

account and thereafter be distributed between the parties pursuant to the provisions of the final decree and other court orders.

The property was sold in January 2005. On February 4, 2005, the trial judge held a hearing concerning the distribution of the net proceeds from the sale. At the hearing, husband presented evidence of expenses incurred by him to repair and clean the property in order to comply with the sales agreement. The trial judge ruled that husband was entitled to reimbursement of this money and awarded husband $2,697. The trial judge also awarded wife one-half of the net proceeds from the sale of the property, less the following deductions: (1) the special commissioner fees; (2) $500 in attorney's fees to husband in accordance with a September 19, 2004 order; (3) $3,000 in attorney's fees to husband for costs incurred with the sale of the marital home; and (4) $2,215.16 to husband for reimbursement for mortgage payments in accordance with the court's order entered on November 19, 2004. Wife appeals the trial judge's February 4, 2005 order.

Wife argues the trial judge abused his discretion by awarding husband $500 in attorney's fees pursuant to the September 19, 2004 order. However, the September 19, 2004 order is not the subject of this appeal. In addition, the record on appeal does not include the September 19, 2004 order.

> [O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

Wife contends the trial judge abused his discretion by awarding husband $3,000 in attorney's fees incurred during the process of selling the marital home. We review an award of attorney's fees for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). In making the award, the trial judge found that the $3,000 was less than the total amount requested by husband and that the award was appropriate considering the

process husband endured and number of court orders husband had to obtain in order to complete the sale of the property. Accordingly, we cannot say the trial judge abused his discretion in awarding the attorney's fees to husband.

Wife also challenges the trial judge's award of $2,215.16 to husband as reimbursement for mortgage payments he made. Although the final divorce decree ordered husband to continue making the mortgage payments on the marital home, the final decree also ordered that the marital residence be sold within 120 days of June 25, 2004. However, due to wife's failure to cooperate with the sale of the property, the residence was not sold until January 2005. Under these circumstances, we cannot say the trial judge erred by ordering wife to reimburse husband from her net proceeds of the sale of the marital home for mortgage payments husband made since the entry of the final decree.

Wife asserts that husband and his counsel made misrepresentations to the trial judge and should be sanctioned for their continuous fraud. However, wife did not ask the trial judge to sanction either husband or his counsel. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, "[i]n order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added). The record does not support the application of this exception.

Wife argues the trial judge did not sufficiently review paperwork submitted by husband at the hearing. However, when wife questioned the origin of several dollar figures addressed by husband, the trial judge specifically stated to wife, "[T]hey are all in that paper in front of you. I

understand them." Accordingly, the trial judge had a sufficient understanding of the documents to make his rulings and wife's argument is without merit.

Wife argues the trial judge erred by admitting photographs of the marital home into evidence. However, wife did not object to the admission of the photographs at the hearing. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Rule 5A:18. The record does not establish grounds to invoke the exceptions "for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Wife asserts the trial judge should not have heard the case because he was unfamiliar with the history of the case. However, wife cites no legal authority for her contention. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Husband requests an award of attorney's fees for expenses incurred in defending this appeal. Wife requests that this Court award her a "monetary amount for her time and effort in this matter."

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because we hold that the appeal lacks merit, we grant husband's request for attorney's fees and costs and remand to the trial judge to assess a reasonable fee and costs in favor of husband. We deny wife's request for a monetary award.

Based on the foregoing, we affirm the judgment of the trial judge, but remand for an award of attorney's fees and costs to husband.

<u>Affirmed and remanded.</u>