COURT OF APPEALS OF VIRGINIA


Present:    Judge McClanahan, Senior Judges Coleman and Annunziata


JAY K. WILK

                                                    MEMORANDUM OPINION*
v.        Record No. 0432-05-4                            PER CURIAM
                                                       OCTOBER 11, 2005
LORI ANN TAMKIN


                    FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
                            J. Howe Brown, Jr., Judge Designate

                    (Jay K. Wilk, *pro se*, on briefs).

                    (Peter W. Buchbauer; James J. McGuire; Kelly C. Ashby;
                    Buchbauer & McGuire, P.C., on brief), for appellee.


        Jay K. Wilk appeals a decision of the Circuit Court of Shenandoah County ("trial court")

imposing sanctions against him pursuant to Code § 8.01-271.1, in the amount of $500 payable to

Lori Ann Tamkin's counsel.  Wilk contends the trial court erred in finding that the filing of a

Motion to Show Cause against Tamkin's counsel warranted the imposition of sanctions.  Pursuant

to Rule 5A:21(b), Tamkin raises the additional questions of whether (1) the trial court abused its

discretion in denying her request for an award of attorney's fees and costs incurred in this case; and

(2) she is entitled to an award of attorney's fees and costs incurred in this appeal.  Upon reviewing

the record and briefs,[1] we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the trial court's imposition of sanctions against Wilk and its denial of an award of attorney's

fees and costs in favor of Tamkin.  See Rule 5A:27.  However, we remand this case to the trial court

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] We considered appellee's motion to strike appellant's reply brief and appellant's
response thereto.  We deny appellee's motion to strike.

for the determination of an award of attorney's fees and costs incurred by Tamkin in defending against Wilk's appeal.

Background

This case involves a post-divorce proceeding between Wilk and Tamkin. On December 18, 2002, the juvenile & domestic relations district court (JDR court) entered a consent order between the parties that resolved various issues incident to custody, visitation, and support of their two minor children. On December 19, 2002, the JDR court entered a supplemental order addressing additional conditions of visitation, Tamkin's request that the parties undergo individual counseling, and Tamkin's show cause summons and motion for contempt. In that supplemental order, the JDR court ordered, among other things, that "[t]he reports filed by Dr. Bernard Lewis herein shall be sealed by the Clerk for review by a presiding judge only."

Subsequently, a dispute arose between the parties regarding visitation, which resulted in the trial court finding each of them guilty of civil contempt and imposing upon each of them a suspended five-day jail sentence pursuant to a final order entered on August 15, 2003. In that final order, the trial court remanded the matter to the JDR court for all future proceedings regarding custody, visitation, and support of the minor children and for enforcement and modification of the consent order and supplemental order.

The action, which is the subject of this appeal, was commenced by Wilk in the JDR court to show cause why Tamkin should not be held in contempt for her alleged violation of the consent order. In response, Tamkin filed a motion with the JDR court seeking a modification of certain provisions of the consent order related to weekday visitation, federal holiday and summer vacation visitation, and a clarification of the non-cohabitation clause in the consent order.

Thereafter, Wilk filed an objection to Tamkin's motion and a motion seeking to change the day of weekday visitation, to change the location of the visitation exchange, to change the allocation

of responsibility of transportation incident to visitation and mandate Tamkin as the sole transporter, to provide a standing order that law enforcement enforce the visitation provisions of the consent order, to determine that Wilk's conduct not be deemed to violate the non-cohabitation clause of the consent order, to find Tamkin in contempt and to revoke the suspended sentence and impose an additional ten-day jail sentence against her, to find members of Tamkin's family in contempt for violation of the consent order and impose a ten-day jail sentence against each of them, and to award him attorney's fees for his *pro se* efforts.

The matters were tried before Substitute Judge O'Donnell, who entered an order dated March 23, 2004. Tamkin appealed that order to the trial court.

During the pendency of that appeal, Wilk filed a Request for Production of Documents to Tamkin, who filed her response on or about October 15, 2004. Tamkin's counsel provided the attachments to the response to Wilk and the guardian *ad litem*. Tamkin's counsel also provided an appropriate certificate to the trial court, but did not file with the trial court the documents, which he filed in response to Wilk's Request for Production of Documents. Thereafter, Wilk filed a Motion to Show Cause for Contempt against Tamkin's counsel, alleging that Tamkin's counsel disregarded the JDR court's December 19, 2002 supplemental order when he provided an unsealed copy of Dr. Bernard Lewis's report in response to Wilk's Request for Production of Documents to "Betsy Bostic, Esq. and . . . the Shenandoah County Circuit Court, without any request to keep same sealed . . . ." Wilk alleged that Dr. Lewis's report remained unsealed in the trial court's file attached to Tamkin's Response to the Request for Production of Documents sent by Tamkin's counsel, who was present in the JDR court at the hearing, which resulted in entry of the supplemental order. Wilk requested that the trial court enter an order of contempt finding that Tamkin's counsel violated the terms of the supplemental order and requested that Tamkin's counsel be imprisoned or fined or otherwise punished under Code § 18.2-456, for failure to obey the supplemental order.

On November 1, 2004, the trial court held a hearing *ore tenus* upon the appeal *de novo*, from the JDR court. The trial court entered an order on February 9, 2005, ruling upon various issues concerning the show cause issued against Tamkin alleging a violation on November 6, 2003 of the consent order of the JDR court, visitation with the parties' minor children, Tamkin's motion for clarification of the cohabitation prohibition, Tamkin's counsel's motion for sanctions against Wilk pursuant to Code § 8.01-271.1, and Tamkin's motion for an award of attorney's fees and costs. Prior to and during the November 1, 2004 hearing, Wilk withdrew three motions regarding visitation issues, the motion to compel production of documents by guardian *ad litem*, and the Motion to Show Cause filed against Tamkin's counsel. In withdrawing the Motion to Show Cause against Tamkin's counsel, Wilk stated as follows:

> As far as the show cause against [Tamkin's counsel], the damage is done. He has filed the copy of the psychological report without it being sealed. There is nothing I can do about that. It is over. I withdraw that.

The trial court sustained Tamkin's counsel's motion for sanctions against Wilk for filing the Motion to Show Cause against Tamkin's counsel and ordered Wilk to pay $500 directly to Tamkin's counsel, on or before December 31, 2004, pursuant to Code § 8.01-271.1, finding that the motion "was not appropriate." The trial court denied Tamkin's motion for attorney's fees and costs incurred in the underlying proceedings.

Analysis

I. Sanctions Imposed Against Wilk

Under Code § 8.01-271.1, a trial court has the power to sanction an attorney or party who files pleadings or motions "for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." The sanction ordered by the trial court "may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading [or] motion . . . , including a reasonable attorney's

- 4 -

fee." Code § 8.01-271.1.[2] Code § 8.01-271.1 has two primary purposes: (1) to "protect litigants from the mental anguish and expense of frivolous assertions of unfounded factual and legal claims and against the assertions of claims for improper purposes"; and (2) "to protect courts against those who would abuse the judicial process." Oxenham v. Johnson, 241 Va. 281, 286, 402 S.E.2d 1, 3 (1991).

"In reviewing the trial court's decision [to award sanctions under Code § 8.01-271.1], we apply an abuse-of-discretion standard." Nedrich v. Jones, 245 Va. 465, 472, 429 S.E.2d 201, 204 (1993) (citing Oxenham, 241 Va. at 287, 402 S.E.2d at 4). A trial court's award of sanctions is

_____

[2] Code § 8.01-271.1 provides in its relevant part as follows:

> Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action. A party who is not represented by an attorney, including a person confined in a state or local correctional facility proceeding pro se, shall sign his pleading, motion, or other paper and state his address.

> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .

> \* \* \* \* \* \* \*

> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

an abuse of discretion if its ruling is based on an "erroneous application of the law" or a "clearly erroneous assessment of the evidence." Oxenham, 241 Va. at 289-90, 402 S.E.2d at 5-6.

Wilk filed a Motion to Show Cause in the trial court against Tamkin's counsel, alleging that he violated the JDR court's December 19, 2002 supplemental order in responding to Wilk's Request for Production of Documents filed in the proceeding in the circuit court. The language contained in the supplemental order regarding Dr. Lewis's report was addressed to the Clerk in the JDR court. That language stated that "[t]he reports filed by Dr. Bernard Lewis herein shall be sealed by the Clerk for review by a presiding judge only." The supplemental order contained no language directing the parties or their counsel to do or not do anything with respect to Dr. Lewis's report. The supplemental order contained no prohibitions or restrictions upon Tamkin's counsel's filing of discovery responses solicited by Wilk or prevented Tamkin or her counsel from submitting a copy of Dr. Lewis's report to Wilk or the guardian *ad litem*, Betzi M. Bostic. In addition, although Wilk's Motion to Show Cause indicated that Tamkin's counsel filed Dr. Lewis's report in the circuit court clerk's office, the record established that Tamkin's counsel, pursuant to the Rules of Court, merely filed the required certificate with the clerk's office indicating that the responses to Wilk's discovery had been served upon Wilk and Bostic. Nothing in the record established that Tamkin's counsel filed a copy of Dr. Lewis's report with the Clerk in response to Wilk's discovery. Accordingly, based upon this record, Wilk's Motion to Show Cause filed against Tamkin's counsel was "not well-grounded in fact." Code § 8.01-271.1.

In addition, assuming without deciding that the trial court had jurisdiction to adjudicate the Motion to Show Cause filed by Wilk against Tamkin's counsel for violation of the supplemental order entered by the JDR court, the motion was "not warranted by existing law or a

good faith argument for the extension, modification, or reversal of existing law." Code § 8.01-271.1. Under Virginia law, to find that a person is in contempt of a court order, the order alleged to have been violated must contain an express command. See Michaels v. Commonwealth, 32 Va. App. 601, 609, 529 S.E.2d 822, 826 (2000). "'If the actions of the alleged contemnor do not violate a clearly defined duty imposed upon him or her by a court's decree, the alleged contemnor's actions do not constitute contempt.'" Id. (citation omitted). The supplemental order upon which the show cause was based did not expressly impose a duty upon Tamkin or her counsel with respect to Dr. Lewis's report. Therefore, Tamkin's counsel's actions could not have formed the basis for a finding of contempt.

Finally, based upon the record, including the testimony of Wilk, Tamkin, and Nancy Tamkin, the trial court could reasonably conclude that Wilk filed the Motion to Show Cause against Tamkin's counsel "for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Code § 8.01-271.1.

Accordingly, the trial court did not abuse its discretion in sanctioning Wilk pursuant to Code § 8.01-271.1 in the amount of $500 payable to Tamkin's counsel.

## II. Tamkin's Attorney's Fees and Costs in Underlying Proceeding

In reviewing Tamkin's contention that the trial court erred by failing to award her attorney's fees, we are guided by the principle that "[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Upon our review of the record and under the instant circumstances, we cannot conclude that the trial court abused its discretion in denying Tamkin's request.

## III. Tamkin's Attorney's Fees and Costs Incurred in this Appeal

The rationale for the appellate court being the proper forum
to determine the propriety of an award of attorney's fees for efforts

- 7 -

> expended on appeal is clear. The appellate court has the
> opportunity to view the record in its entirety and determine
> whether the appeal is frivolous or whether other reasons exist for
> requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996) (footnote omitted).

Because we hold that Wilk's appeal lacks merit, we grant Tamkin's request for costs and remand

to the trial court to assess a reasonable attorney's fee incurred by Tamkin in defending against

Wilk's appeal.

For the foregoing reasons, we summarily affirm the judgment of the trial court and

remand for further proceedings consistent with this opinion.

Affirmed and remanded.