COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


HOSAM IBRAHIM DAJANI

                                                            MEMORANDUM OPINION*
v.      Record No. 0905-11-2                                     PER CURIAM
                                                            DECEMBER 6, 2011
DAWN LYNELL DAJANI



                FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                                David H. Beck, Judge

               (Ted Kavrukov, on briefs), for appellant.

               (Kristie L. Kane; Jeannette B. Purvis, Guardian *ad litem* for the
               minor child, on brief), for appellee.


        Hosam Ibrahim Dajani (father) appeals a decree of divorce, in which the trial court awarded

sole legal and physical custody of the parties' child to Dawn Lynell Dajani (mother) and $20,000 in

attorney's fees to mother.  Father argues that the trial court erred by (1) not following the ruling in

Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 645 S.E.2d 261 (2007), and

abridging father's right to procedural due process under the Fourteenth Amendment of the United

States Constitution and Article I of the Virginia Constitution and well-settled Virginia case law;

(2) violating father's right of cross-examination and right to present evidence, including

photographs and an e-mail; (3) not following Haugen and prejudicing father in the custody, child

support, attorney's fees, and equitable distribution phases of the hearing by impairing a just

determination of the hearing; and (4) ordering father to pay $20,000 in attorney's fees to mother's

counsel and by not considering all of the circumstances revealed by the record, the effort expended,

the nature of the services rendered, and father's ability to pay the attorney's fees.  Upon reviewing

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

The parties married on November 30, 2002, separated on March 23, 2007, and divorced on April 14, 2011. The parties have one child born of the marriage in February 2007.

In April 2007, father filed a complaint for divorce, to which mother responded. After numerous motions and several hearings, the final hearing was scheduled for May 28, 2010. The May 28, 2010 hearing was continued because of father's failure to comply with discovery.

In January 2011, the trial court entered a domestic relations pretrial scheduling order and set the final hearing for March 3, 2011.

On March 3, 2011, father's counsel filed a notice and motion to withdraw as counsel. The trial court heard the motion and asked father whether he wanted counsel to continue to represent him. Father did not want counsel to continue to represent him and asked for a continuance. The trial court informed father that a continuance would not be appropriate due to the procedural history, the guardian *ad litem*'s concerns, and the child's best interests. The trial court again asked father whether he wished to release his counsel, and he responded affirmatively. Father's counsel was allowed to withdraw. The trial court proceeded to hear evidence and argument from both parties. The trial court ruled from the bench and held that mother would have sole legal and physical custody of the parties' child. The trial court calculated father's child support obligation, and considering the circumstances of the case, awarded mother $20,000 in attorney's fees.[1] This appeal followed.

_____

[1] Father retained counsel after the hearing. Counsel filed a motion to reconsider. After considering father's motion for reconsideration, the trial court adjusted the amount and commencement date for the child support. It also lengthened the time period father had to pay the attorney's fees.

- 2 -

ANALYSIS

Continuance request

Father argues that the trial court abused its discretion by denying his continuance request after allowing his counsel to withdraw, and by doing so, it violated his due process rights and prejudiced him at trial.

> The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case. The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion and resulting prejudice to the movant.

Haugen, 274 Va. at 34, 645 S.E.2d at 265.

Father had the same counsel since he filed his complaint for divorce in April 2007. The parties had previously continued the matter several times, and the final hearing date was scheduled for March 3, 2011, at father's request.[2] On the morning of trial, father's counsel moved to withdraw. He explained to the trial court that he moved to withdraw because "of certain occurrences that have taken place, sort of an escalating matter, most recently in my office yesterday." He also told the trial court that father "refused to communicate" with him that morning and that father "no longer is desirous" of counsel representing him. Counsel believed that he had an ethical obligation to withdraw because it was "impossible for [him] to be effective counsel" for father. Counsel told the trial court that he "understand[s] that the court takes a dim view of motions to withdraw on the eve of a proceeding, but there are some extraordinary circumstances here."

---

[2] In January 2011, father filed a motion to modify visitation and requested a "prompt hearing so that all matters could be addressed including the custody, visitation issues." At father's request, the hearing was scheduled for March 3, 2011.

The trial court questioned father about whether he wished for counsel "to cease serving as [his] attorney," and father responded affirmatively. Father told the trial court:

> Right now, I cannot consider him as my attorney and my legal representative, but I don't have legal representation and I am standing in front of you and asking you if we can reschedule this case until I find another attorney within thirty days, because I'm not able to stand in front of you and represent myself.

The trial court proceeded to ask wife's counsel and the guardian *ad litem* their positions regarding father's request for a continuance. Both objected to the continuance. Mother objected because of the procedural history, and the guardian *ad litem* objected because she felt a continuance was not in the best interests of the child.

After hearing from counsel, the trial court told father to consider carefully his request to discharge his attorney. The trial court explained that given the procedural history and "guardian's concerns for your contact with the child and the child's best interest," a continuance was "not appropriate for this proceeding." In concluding its remarks, the trial court again asked father about his request to discharge his attorney because "we shall proceed today and the question will be whether you indeed, wish to release your attorney or concur in his request to withdraw, and so I will ask you that final question." Father stated that he did not have legal representation and again requested a continuance. The trial court responded:

> And you have told me today for the first time that you wish to release him [counsel] and I will grant that request and he shall be released, if that is your request. But as I have said, and it is my final statement in this regard for the reasons I have previously stated, we shall not continue the matter.

Father again requested a continuance, which the trial court denied. The trial court then entered the order allowing counsel to withdraw and proceeded with the hearing.

On appeal, father argues for the first time that the trial court should have granted his continuance request because of his "unique" circumstances, including his upbringing, religion,

- 4 -

and employment. He also points to the fact that counsel moved to withdraw the day of the trial and that he was unprepared to represent himself. However, father's arguments regarding his "unique" circumstances were not preserved.[3] See Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Father also argues that the trial court's denial of the continuance prejudiced him and his ability to obtain a fair trial. On appeal, father argues for the first time that the trial court's ruling denying the continuance violated father's due process rights and "family integrity."[4] Since this argument was not presented to the trial court, we will not consider it. Id.

Father contends he was prejudiced at trial because of his "ineptness at arguing, admitting evidence, asking questions, cross examinations, failure to make objections, and, most importantly making and preserving a record for appellate review." A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

The trial court explained to father several times that it was not going to continue the case. It repeatedly asked father if he wanted to release counsel, and father responded affirmatively each time. Accordingly, the trial court did not abuse its discretion in denying father's continuance request.

---

[3] Father argues that the good cause and ends of justice exceptions to Rule 5A:18 apply to his case. We disagree.

[4] Father argues that a parent's relationship with his child is constitutionally protected under the First Amendment and the Fourteenth Amendment.

Right to cross-examine witnesses and present evidence

Father argues that his right to cross-examine witnesses[5] and present evidence were violated. He contends the trial court should have accepted his photographs of the child and an e-mail from mother[6]; however, he cites to no legal authority to support his argument.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Father did not comply with Rule 5A:20(e) because his opening brief does not contain any principles of law, or citation to legal authorities, or the record to fully develop his arguments.

Father has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that father's failure to comply with Rule 5A:20(e) is significant, so we will not consider the second assignment of error. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

_____

[5] Contrary to father's argument, he had the opportunity to cross-examine every witness, and at the conclusion of the hearing, the trial court acknowledged father's "very thorough cross examination."

[6] The trial court did not accept the items into evidence because father had not complied with the pre-trial scheduling order.

Attorney's fees

A.  Attorney's fees incurred at trial

Father argues that the trial court erred in ordering him to pay $20,000 to wife for her attorney's fees.  He contends the award was unreasonable and the trial court did not consider his ability to pay it.[7]

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'"  Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).  "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record."  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Mother presented evidence that her attorney's fees exceeded $32,000, and the trial court noted that father also incurred "significant" attorney's fees.  The matter began in 2007, and there were numerous pleadings and hearings.  In establishing the attorney's fee award, the trial court considered the disparity in the parties' income, as well as the longevity and complexity of the case.  It also commented that "the attorney's fees may be somewhat reflective of the nature of the parties involved."

Considering the circumstances of this case, the trial court did not abuse its discretion in awarding wife $20,000 for her attorney's fees.

---

[7] Originally, the trial court ordered father to pay the full amount within twelve months, but after the hearing on the motion to reconsider, the trial court ordered father to pay it within twenty-four months.

B.  Attorney's fees and costs incurred on appeal

Mother seeks an award of the attorney's fees and costs she incurred on appeal.  On consideration of the record before us, we deny mother's request for her appellate attorney's fees and costs.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.